In re William Ellis BARNES, Jr., Regina Lynnette Barnes, Debtors.

Bankruptcy No. 2-81-03598.

United States Bankruptcy Court, S. D. Ohio, E. D.

Nov. 12, 1981.

Robert L. Cohodes, Columbus, Ohio, for Ninth Federal Sav. and Loan Ass'n.

William A. Semons, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, Trustee.

## ORDER ON OBJECTION TO CONFIRMATION

ROBERT J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the objection to confirmation of the jointly proposed Chapter 13 plan of William and Regina Barnes. The objection has been filed by Ninth Federal Savings and Loan Association ("Ninth Federal"), a creditor secured by a first mortgage on the debtors' residential real estate.

It was admitted at the time of the confirmation hearing that the mortgage of Ninth Federal had been accelerated (pursuant to a provision in its mortgage deed) so that all of the debt was due and payable prior to the filing of the Chapter 13 petition herein. By virtue of that acceleration, Ninth Federal claims that the rationale of *Western and Southern Life Insurance Company v. Soderlund (In re Soderlund)*, No. C–2–80–1080 (August 25, 1981), should apply, and since the Chapter 13 plan of the Barnes does not provide for full payment of the Ninth Federal debt that the plan cannot be confirmed.

The rationale of *In re Soderlund, supra,* however, unfortunately, appears to prohibit the use of § 1322(b)(5) of the Bankruptcy Code in a case where the mortgage indebtedness has been accelerated prior to the filing of the Chapter 13 petition. The result thus reached is particularly harsh in this case. The debtors are proposing a 100% dividend to all their creditors. This involves a substantial commitment and long-term financial sacrifice which they are willing to undertake. It is not consonant with the purpose and intent of the Chapter 13 remedy to allow a single creditor, who is admittedly fully secured and otherwise adequately protected by the payment terms of the debtors' Chapter 13 plan, to totally undermine the desire of the debtors to fully pay their creditors and prevent confirmation of a 100% plan. This is especially so when the pre-petition acceleration, by which Ninth Federal is claiming its special status under the *Soderlund* rationale, occurred barely one month prior to the Chapter 13 filing. It is not difficult to imagine that the use and abuse of the right to acceleration, which is a right held by virtually all mortgagees, could easily frustrate the ability of Chapter 13 debtors to propose a fair and orderly repayment of debt obligations, even in those cases where such debtors are only minimally in default on their mortgage obligation. The protection of the rights of holders of real estate mortgages is clearly provided for otherwise in the provisions of Chapter 13. Objection to confirmation of a Chapter 13 plan can easily be interposed where a mortgage holder can show that its claim is not being fully paid or its position as a secured creditor is not adequately protected. Further, the remedy of a modification of the automatic stay imposed under § 362 of the Bankruptcy Code is always available to such a creditor, given a showing of the need for such relief. The use of this latter remedy is certainly more appropriate in the sense that it allows a mortgage holder to seek judicial relief without directly interfering and preventing a debtor from paying his other debts under a Chapter 13 plan. The use of the *Soderlund* rationale to prevent confirmation of a 100% plan is plainly too drastic a result in most circumstances and is not necessary to the protection of the mortgage holder's rights.

The *Soderlund* case is presently on appeal to the Sixth Circuit Court of Appeals. The correctness of the legal conclusions of the district court are therefore subject to review, and the impact of such conclusions, given their pervasive effect upon many Chapter 13 cases presently pending, should not be visited upon pending cases unless and until the decision of the district court acquires finality. While it may be true that for the parties to the *Soderlund* case itself, the failure of the appellant to obtain relief from the judgment of the district court under Rule 62(d) of the Rules of Civil Procedure may result in such judgment being fully enforceable during the pendency of the appeal, the applicability of the rule of the *Soderlund* case to other pending cases surely should not depend upon such invocation of the Rule 62(d) supersedeas bond

mechanism. Under the circumstances of this case, the doctrine of *stare decisis*, which is, strictly speaking, not a rule of law but rather a matter of judicial policy, loses its full force and should not be blindly applied. See, generally, 20 Am.Jur.2d, *Courts* § 183 ff., and specifically § 201 n.15. The present status of the *Soderlund* case (that is, the lack of finality of the district court decision) warrants, in this Court's opinion, a conditional confirmation of the Chapter 13 plan in this case. During the period of this conditional confirmation, in order to protect the interests of the mortgage holder herein, and the interests of other creditors and the debtors, the debtors are hereby ordered to make their current monthly mortgage payments to Ninth Federal, and their regularly scheduled payments to the Chapter 13 trustee under the terms of their proposed plan. The Chapter 13 trustee shall make appropriate distributions under the terms of the confirmed plan. This case shall proceed, during this interim period, as would a normally confirmed Chapter 13 case. Upon a final resolution of the *Soderlund* case on appeal, this Court will reconsider the confirmation of the plan confirmed herein as may then be necessary.

IT IS SO ORDERED.