**In re Marjorie M. ANDERSON, Debtor.**

**Bankruptcy No. 2–81–03606.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Jan. 12, 1982.

Lawrence E. Winkfield, Columbus, Ohio, for debtor.

Stephen R. Buchenroth, Columbus, Ohio, for Federal Nat. Mortg. Ass'n.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

Federal National Mortgage Association ("FNMA") has filed an objection to the Chapter 13 plan proposed by Marjorie M. Anderson. The objection is premised upon the following bases: (1) the plan does not provide for the curing of the default on the FNMA note and mortgage as required by § 1322(b)(5) of the Bankruptcy Code; (2) Section 1322(b)(5) of the Bankruptcy Code is not available to the debtor because of a pre-petition acceleration declared by FNMA pursuant to the terms of the note and mortgage; (3) the plan modifies the rights of FNMA in violation of § 1322(b)(2) of the Bankruptcy Code; and (4) the plan does not provide for the payment of pre-petition past-due mortgage payments within a reasonable time.

The presently proposed Chapter 13 plan of Marjorie Anderson calls for payments of $131.18 monthly to the Chapter 13 trustee, payment of all secured and unsecured claims in full, with future monthly mortgage payments to FNMA being made directly by the debtor "outside the plan" and past due mortgage payments to be paid "inside the plan" by the Chapter 13 trustee from payments received from the debtor.

FNMA is the current holder of a note and mortgage executed by Marjorie Anderson with respect to her residence at 2162 Myrtle Avenue, Columbus, Ohio. The debtor has defaulted under the terms of that note and mortgage by failing to pay the monthly mortgage payment due on May 1, 1980, and all payments since that time. On March 3, 1981, some six months prior to the filing of the Chapter 13 petition by Marjorie Anderson, FNMA commenced a foreclosure action against the debtor in the Common Pleas Court of Franklin County, Ohio. FNMA invoked in that state court action its right to accelerate the entire indebtedness under the provision of the note that reads as follows:

"If default be made in the payment of any installment under this note, and if such default is not made good prior to the date of the next installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note."

On August 4, 1981, the Common Pleas Court of Franklin County, Ohio, entered an order granting summary judgment and a judgment decree in foreclosure in favor of FNMA upon the note and mortgage in the amount of $16,307.61, with interest at the rate of seven percent (7%) per annum from and after April 1, 1980, plus its advancements and expenses associated with the foreclosure action. In fact, a foreclosure sale of the debtor's residential real estate was scheduled for October 2, 1981, but was stayed by virtue of the debtor's filing her

petition under the provisions of Chapter 13 of the Bankruptcy Code on September 15, 1981.

FNMA argues, essentially, that its pre-petition acceleration of the terms of its note and mortgage, the pre-petition foreclosure action, and the judgment decree in foreclosure, all combine to prohibit the debtor from attempting to reinstate the terms of her mortgage with FNMA under the provisions of § 1322(b)(5) of the Bankruptcy Code. FNMA cites in support of such position the case of *Western and Southern Life Insurance Company v. Soderlund (In re Soderlund)*, No. C–2–80–1080 (D.C.S.C.Ohio, August 25, 1981), a case recently decided by the United States District Court for the Southern District of Ohio, Eastern Division, and a case which is presently on appeal to the Sixth Circuit Court of Appeals. The result reached by the district court in the *Soderlund* case, *supra*, is not in accord with the results reached in some other cases considering the same issues. See, for example, *In re Breuer*, 4 B.R. 499 (Bkrtcy.S.D.N.Y. 1980); *In re Taddeo*, 9 B.R. 299 (Bkrtcy.E. D.N.Y.1981); and *In re Rippe*, 14 B.R. 367 (Bkrtcy.S.D.Fla.1981).

This Court has been faced on numerous occasions with the question of whether or not the district court result in *Soderlund supra*, should be visited upon Chapter 13 debtors who are requesting confirmation of their plans in spite of a pre-petition acceleration, at least until the *Soderlund* result achieves some measure of finality on appeal. See *In re Barnes*, 16 B.R. 623 (S.D.Ohio, 1981) (unreported—copy attached). The *Barnes* rationale had been fashioned because of equitable principles which, in the Court's opinion, mitigated against the harsh result suggested by the yet-to-be-final *Soderlund* decision. These equitable principles are substantially eroded in the present case by virtue of the fact that this debtor has allowed a real estate foreclosure suit to proceed to judgment and has only belatedly attempted to interpose the jurisdiction of this Court to prevent the ultimate foreclosure sale. It also appears that her default on the terms of her mortgage note was substantial (18 or 19 months at the time of the filing of the Chapter 13 petition). These factors combine to persuade this Court that application of the *Barnes* rationale, and thus the avoidance of the *Soderlund* result, would be inappropriate in this case.

With this finding, the Court hereby determines that the objection to confirmation interposed by FNMA is meritorious and it is hereby sustained. Confirmation of the debtor's Chapter 13 plan is hereby denied. The debtor shall have ten (10) days from the date of this Order to take such other action as may be appropriate in this proceeding.

IT IS SO ORDERED.