## CITY OF BRADENTON v. NORTHERN INVESTMENT CORPORATION.

164 So. 136.
Opinion Filed October 30, 1935.
Rehearing Denied December 3, 1935.

John B. Singeltary, for Appellant;
Wallace Tervin and Clyde W. Atkinson, for Appellee.

TERRELL, J.—Under the title as above listed we have two suits by the same parties involving identical questions and subject matter presented for adjudication. Appellee, Northern Investment Corporation, complainant in both suits, filed its bill of complaint to foreclose state and county tax certificates. Appellant, as defendant, filed its answers, paragraph three of which set up as a bar to the foreclosure by appellee, city tax certificates which it admittedly had foreclosed and on the strength of which had acquired title to the property involved. A motion to strike paragraph three of the answer was granted and this appeal is from that decree.

Counsel are in disagreement as to what question is presented by the appeal. In our view the question presented may be stated as follows: Will a municipality which held and foreclosed tax certificates on designated real estate and acquired title thereto by virtue of said foreclosure be now permitted to set up said certificates in bar of a suit by the holder of state and county tax certificates to foreclose, the latter not having been made a party defendant in the former suit by the municipality?

It is admitted that the municipal tax liens and the state and county tax liens are of equal dignity and are without priority. It is also admitted that when the municipality filed its suit to foreclose it did not make appellee, holder of the state and county tax liens, a party defendant. No question is raised as to the regularity of the municipal foreclosure proceedings.

The appellant contends that notwithstanding the city had foreclosed its tax liens and had acquired title to the property the certificates or liens did not merge into the title because there was no intention to do so. Appellant further contends that if its foreclosure was ineffective to extinguish

appellee's lien it now becomes subrogated to the rights of appellee and can bring suit *de novo* to foreclose against appellee or any other party not made a party defendant in the original foreclosure suit.

When applied to the foreclosure of mortgages and liens of a cognate nature this proposition of law cannot be controverted but in the case at bar we are concerned with a case where the city foreclosed and extinguished its tax liens and merged them into the title it took as a result of the foreclosure. In such a case the rule as contended for is not applicable. City of Sanford v. Dial, 104 Fla. 1, 142 So. 233; City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142.

Appellant elected to foreclose only against the owner of the real estate. The state nor the owner of any state or county tax liens was made a party defendant. There was no error in this procedure. City of Bradenton v. Lee, filed June 14, 1934, not yet reported.

The law is settled that the tax lien of the City of Bradenton was extinguished when it foreclosed and took title to the property after final judgment and sale, that said title was free of the city lien for the reason that it was merged in the final decree of judgment. No liens remained outstanding against it except the liens of persons or corporations not made parties to the suit. After the final decree and sale the city having purchased the property was on the same footing that any other purchaser would have been. City of Bradenton v. Lee, *supra;* 15 R. C. L., 782; 23 Cyc. 1110 and 1118.

The lien of appellant having been extinguished by its foreclosure proceedings and appellee not having been made a party defendant therein cannot be set up as a bar to the instant foreclosure, so the judgment below is affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.