**In the Matter of Michael K. AKINS, Debtor(s).**

**Bankruptcy No. 85–1866.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 15, 1985.

William Borja, Clearwater, Fla., for debtor.

Robert A. Soriano, Tampa, Fla., for Sunbank/Suncoast.

Chris Larimore, Bradenton, Fla., Trustee.

## ORDER ON MOTION OF SUN BANK/SUNCOAST TO DISMISS CASE OR, IN THE ALTERNATIVE, FOR RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a motion which seeks a dismissal or, in the alternative, an order lifting the automatic stay. The motion is filed by Sun Bank who seeks a dismissal contending that this Chapter 13 petition was not filed in good faith and, therefore, under the applicable law, this Court should dismiss this case with prejudice. The alternative relief sought is to lift the stay and permit Sun Bank to proceed to enforce its mortgage lien claim against the property owned by Michael K. Akins, which is the principal residence of this Debtor. In order to put this matter in proper focus, a brief recitation of the events preceding this motion may be in order.

Michael K. Akins (Debtor) filed a petition for relief under Chapter 13 on November 28, 1984. On March 6, 1985, this Court entered an order and denied confirmation of the plan submitted by Akins and ordered the case to be dismissed. On March 12, 1985, Akins filed a motion for rehearing and sought a vacation of the order of dismissal. The motion was heard in due course and on April 26, 1985, this Court entered an order denying the motion for rehearing and also providing that the case shall stand dismissed without prejudice as originally provided for by the previous order. Due to a clerical oversight in the Clerk's Office, the case was not closed despite the final order of dismissal and on April 29, 1985 Akins filed an amended Chapter 13 plan in that case. It appears that the original case of Akins, Case No. 84–2704, was still pending at the time the amended Chapter 13 plan was filed and, theoretically is still pending now.

In spite of this fact, on July 15, 1985, Akins filed a new voluntary petition for relief under Chapter 13. The petition for relief was not accompanied by a Chapter 13 plan nor was one filed within 15 days as required by Bankruptcy Rule 3015. No request was made to extend the time for filing a plan, and none was granted. On July 15 an order was entered directing that a meeting of creditors be held on August 12, 1985 at 11:00 a.m. Although counsel for the Debtor appeared, the Debtor failed to appear. Upon request of counsel, the meeting of creditors was continued and rescheduled to be held on September 23, 1985. Just as before, counsel for the Debtor appeared but the Debtor did not appear. It further appears from the motion which was filed by Sun Bank that prior to the commencement of the original case, Sun Bank, the holder of a properly perfected first mortgage on the residence owned by Akins, commenced a foreclosure action in state court based on Akin's default in mortgage payments. The fact of the matter is that Sun Bank has instituted three foreclosure actions against the Debtor's residence and has, in fact, obtained two final judgments. On two occasions, Akins avoided the foreclosure sale by bringing his mortgage loan current. Akins prevented a foreclosure sale in the third instance by filing his first petition for relief, commencing Case No. 84–2704.

Thereafter, Sun Bank filed a motion on January 7, 1985 seeking relief from the stay in order to permit the bank to conclude the foreclosure proceeding and sell the subject property at the foreclosure sale. This Court denied Sun Bank's motion without prejudice pending a hearing on the Debtor's amended plan provided Akins made the February contract payment. On March 6, this Court entered an order denying confirmation of the Amended Plan and, as noted earlier, dismissed this case.

In July, 1985, when Sun Bank proceeded to complete its foreclosure action and schedule a judicial sale, Akins filed his

second Chapter 13 petition which again stopped the proceeding in the foreclosure case. Based on this record, this Court is satisfied that this is a gross abuse of the Chapter 13 process and the petition was not filed in good faith and, therefore, it is appropriate to dismiss this case at this time with prejudice.

Even assuming that Akins should be entitled to maintain this Chapter 13 case, it is clear that it would not serve any purpose because Akins would not be able to accomplish the goal he seeks, that is, to prevent his residence from being sold at the foreclosure sale. He proposes to do so by reinstating the mortgage and curing the arrearages under a Chapter 13 plan.

It is a well established proposition that the Debtor in a Chapter 13 may not alter or modify the rights of secured claims where the only security is a secured interest in the real property which is the principal place of residence, 11 U.S.C. § 1322(b)(3), except to the extent that the Debtor may cure the default through a plan submitted under § 1325. The authorities are in agreement that a Debtor may "cure" a defaulted mortgage by providing for payment of arrearages under the terms of a plan even though the payment of the note has been accelerated by the holder under the terms of the note. *In re Taddeo*, 685 F.2d 24 (2d Cir.1982).

The authorities are not in full agreement whether or not a Chapter 13 Debtor may reinstate a mortgage obligation after the conclusion of a state foreclosure proceeding and entry of a final judgment. *In the Matter of Skelly*, 38 B.R. 1000, 11 BCD 1134, 1138 (D.Delaware 1984); *Cf. In the Matter of Clark*, 738 F.2d 869, 871 (7th Cir.1984) (mortgage is not merged with judgment under Wisc. law). *But see In re Rouse*, 48 B.R. 236, 240–41 (Bankr.E.D.Pa. 1985) (applying test of debtor's remaining interest in property under state law as test to determine right to cure). *Contra, In re Smith, In re Greco*, 43 B.R. 313 (Bankr.N. D.Ill.1984).

It is the view of this Court that the test to be applied to determine whether a default can be cured under a Chapter 13 plan is the existence vel non of the mortgage under the applicable state law since the creditor's property rights in bankruptcy are defined by state law, *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Under Florida law, the mortgage lien merges into the final judgment in a foreclosure action. *Gilpen v. Bower*, 152 Fla. 733, 12 So.2d 884, 885 (1943); *Cerrito v. Kovitch*, 423 So.2d 1008, 1010 (Fla. 4th D.C.A.1982). Therefore, there is no arrearage which could possibly be cured by this Debtor and, as a result, it is pointless to maintain the Chapter 13 case. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Sun Bank/Suncoast to Dismiss Case be, and the same is hereby, granted and the case is hereby dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Alternative Motion For Relief From Stay be, and the same is hereby, denied without prejudice as moot.