**In the Matter of Peter M. VENECH and Stephanie Venech, Debtor(s).**

**Bankruptcy No. 86-2495.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 15, 1986.

Jay D. Passer, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., trustee.

David W. Steen, Tampa, Fla., for all creditors.

## ORDER ON MOTION TO DISMISS CHAPTER 13 CASE AND ORDER ON MOTION TO ABSTAIN

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 13 case are a Motion to Dismiss Chapter 13 Case and a Motion to Abstain, both filed by Robert F. and Barbara Schlerf (Schlerfs), creditors of the above-captioned case. The Schlerfs seek a dismissal of this case pursuant to 11 U.S.C. § 1307(c), alleging that Peter M. Venech and Stephanie Venech, the Debtors, (Debt-

ors), filed their Chapter 13 plan for the sole purpose of frustrating a foreclosure sale, and that the plan as filed cannot be confirmed by this Court. The relevant facts as they appear from the record established at the hearing in this cause are as follows:

The Schlerfs held a note and mortgage on the Debtor's residence which on more than one occasion had been in default. In October 1985 the Schlerfs filed a foreclosure action against the Debtors but agreed to reinstate the note and mortgage and dismiss the foreclosure suit when the Debtors cured their arrearages and promised to remain current in their obligations to the Schlerfs. When the Debtors again defaulted on the note, the Schlerfs sought and obtained on May 13, 1986, a Final Summary Judgment of Foreclosure in the Circuit Court for Pinellas County, Florida. Sale was scheduled for June 17, 1986, but was stayed by the Debtors' Chapter 13 petition filed in this Court on June 16, 1986, one day before sale.

The Debtors' plan reflects that the Debtors have one secured creditor, the Schlerfs, and no unsecured creditors. The plan proposes to pay all of the Debtors' arrearages owed to the Schlerfs over a period of 24 months, as well as to continue making the monthly mortgage payments to the Schlerfs. The Debtors concede that the purpose of filing their petition was to forestall the impending foreclosure sale, but urge nevertheless, that the plan was filed in good faith and is a confirmable plan.

The Schlerfs vehemently urge a dismissal of the case, asserting that a case filed for the sole purpose of frustrating a foreclosure sale is prima facie bad faith. The Schlerfs also contend that even if the plan had been filed in good faith, the Debtors seek to reinstate a mortgage that technically no longer exists because it merged into the Final Summary Judgment entered on May 13, 1986. In the alternative, the Schlerfs seek an abstention by this Court to permit the Schlerfs to proceed with their foreclosure action in State Court.

The Debtors cite numerous cases in opposition to the Motion to Dismiss, all of which hold that Chapter 13 debtors are entitled to cure prepetition mortgage defaults and reinstate accelerated notes pursuant to the Chapter 13 plan. *See, i.e., In re Taddeo,* 685 F.2d 24 (2d Cir.1982); *In re Colvin,* 57 B.R. 299 (Bankr.D.Utah 1986); *In re Chitwood,* 54 B.R. 396 (Bankr.W.D.Va.1985).

On the other hand, the Schlerfs point out that the case law interpreting § 1322(b) of the Bankruptcy Code, which deals with the Chapter 13 debtor's right to cure defaults, is contradictory and inconsistent. This is so in part because the nature of a creditor's property right in bankruptcy is defined by state law, and not by federal law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). There are numerous decisions which hold that while deceleration is possible prior to judgment, it is no longer available once the mortgagee has obtained a judgment on the mortgage note. *Matter of Skelly,* 38 B.R. 1000 (D.Del.1984). *See also In re Anderson,* 16 B.R. 697 (Bankr.S. D.Ohio 1982); *In re White,* 22 B.R. 542 (Bankr.D.Del.1982). This Court has also previously held that because under Florida law a mortgage lien merges into the final judgment of foreclosure, there is no longer any mortgage to reinstate after foreclosure, and thus, any Chapter 13 plan which proposes to reinstate a mortgage after foreclosure cannot be confirmed. *Matter of Akins,* 55 B.R. 183 (Bankr.M.D. Fla.1985). Based on the foregoing, this Court is satisfied that because the debtors seek to reinstate a mortgage that has already merged into the Final Summary Judgment of Foreclosure obtained by the Schlerfs, their proposed Chapter 13 plan cannot be confirmed and should be dismissed for cause pursuant to 11 U.S.C. § 1307(c).

While this Court is satisfied that this case must be dismissed because the plan as proposed seeks to reinstate a mortgage that has merged into a Final Judgment, it is equally clear that this case would be properly dismissed because the Debtors have filed their plan in bad faith. The Debtors concede that the sole reason

for the petition was to forestall a foreclosure sale pending in state court. Although there is no doubt that a great number of petitions in bankruptcy are precipitated by pending foreclosure sales, this case is nothing more than the Debtors' attempt to delay the resolution of what is undeniably a two-party dispute. This Court is not compelled to retain such cases on its docket.

Based on the foregoing it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted, and this Chapter 13 case be, and the same is hereby, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Abstain be, and the same is hereby, denied without prejudice as moot.