**In re Ofelia MARTINEZ, Debtor.**

**Bankruptcy No. 87–00932–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

May 22, 1987.

Jordan Bublick, Miami, Fla., for debtor.

Robert L. Roth, Miami, Fla., trustee.

James W. Shindell, Smathers & Thompson, Miami, Fla., for Movant Peninsula Federal.

## ORDER DISMISSING CASE

THOMAS C. BRITTON, Chief Judge.

The motion (C.P. No. 5) of this chapter 13 debtor's mortgagee for dismissal of this case was heard on April 29. The motion is granted.

Movant obtained a foreclosure judgment against this debtor on December 17, 1986. The foreclosure sale occurred on January 20, 1987 and a certificate of title was issued to movant on February 2, 1987.

This bankruptcy petition was filed March 20, 1987. A previous joint chapter 13 bankruptcy petition had been filed by this debtor and her husband on March 2, 1987, but that petition was dismissed because the debtors failed to file the essential pleadings required by the rules. Case No.

87–00662. That case was dismissed on March 18. The provisions of 11 U.S.C. § 109(g)(1) made this debtor and her husband ineligible to be a debtor in any bankruptcy case earlier than 180 days after the order of dismissal. This bankruptcy case must be dismissed on that ground.

■ Furthermore, this case has been filed in bad faith and is also dismissed for that reason. The obvious objective of this case is to vacate the certificate of sale and to reinstate the foreclosed mortgage. There are no unsecured creditors listed by this debtor. This debtor has no other significant asset.

After a thorough review of the decisions to date, the Sixth Circuit recently concluded:

"In summary, we hold that under 11 U.S.C. § 1322(b), a Chapter 13 debtor may cure a default on a mortgage on his principal residence even when the debt has been accelerated and a judgment of foreclosure has been entered *provided that no foreclosure sale has taken place*. Once the property has been sold, the right to cure the default and reinstate the terms of the mortgage under § 1322(b) ceases. We also hold that the automatic stay provisions of ·11 U.S.C. § 362(a) do not toll or extend the running of state statutory periods of redemption following foreclosure sales. Moreover, 11 U.S.C. § 105(a) does not empower the courts to issue separate orders tolling statutory redemption periods absent exceptional circumstances such as fraud, mistake, accident, or erroneous conduct." *In re Glenn*, 760 F.2d 1428, 1442 (6th Cir.1985). (Emphasis supplied).

This debtor seeks to avoid the effect of the foregoing principles by alleging that the state foreclosure sale was fraudulent in that it was made for less than "a reasonable equivalent value".

Foreclosure sales in Florida are conducted by the Clerk of the Court by public auction after public advertisement and notice. It is not suggested here that there was any fraud on the part of the State court clerk, the movant or any other party which prevented a full, fair public auction of the property. The amount bid at the sale is conclusively presumed to be sufficient consideration absent objection by any party within 10 days after the issuance of the clerk's certificate of sale. *Fla.Stat.* § 45.031(8). The State court as a court of equity has the discretion and the duty to vacate the sale on any equitable ground, including the inadequacy of the bid. 37 *Fla.Jur.*2d, Mortgages §§ 355, 356. This debtor has not explained why she sought no such relief from the State court within the time permitted under Florida law. The entire history of the debtor's dealings with her mortgagee is a chain of negligent or deliberate delays and unjustified excuses for nonperformance on the part of the debtor. I agree with the movant that this bankruptcy petition has been filed in bad faith.

The petition is dismissed with prejudice.