**In re Charles WESTMORE, Debtor.**

**Bankruptcy No. 86–04515.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

June 15, 1987.

James R. McAtee, Pensacola, Fla., for debtor.

James Johnston, Pensacola, Fla., for A.F. Brown.

John E. Venn, Jr., Gulf Breeze, Fla., trustee.

## ORDER ON MOTION FOR REHEARING

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing on the debtor's Motion for Rehearing from a previous order by which this Court allowed the state Clerk of the Circuit Court to issue a title certificate and disburse funds received in a foreclosure sale of real property owned by the debtor.

### FACTS

The debtor filed his petition under Chapter 13 of the Bankruptcy Code on November 17, 1986, and filed his Chapter 13 plan on December 16, 1986. Within ten (10) days prior to the filing, real property of the debtor was sold to a third party pursuant to a final judgment of foreclosure. The sales price had been paid to the Circuit Court but the ten (10) day statutory period before the issuance of the title and disbursement of funds had not run when this petition was filed. The filing of the petition stayed the Circuit Court from issuing the title certificate.

More than sixty (60) days after the Chapter 13 petition was filed, the purchaser moved for relief from the automatic stay imposed under § 362(a) of the Bankruptcy Code to permit the Clerk to issue the certificate of title. This Court ruled that the sixty (60) day extension of time for the trustee to act, provided for under § 108(b) had run without a redemption of the property by the debtor, and therefor the automatic stay did not apply with respect to the property and that the Clerk could issue the title certificate. From that order, the debtor has requested a rehearing.

### LAW

It is the position of the debtor that by filing a Chapter 13 plan which provides for curing the mortgage arrearages and for reinstatment of the mortgage which had been foreclosed, he can retain the property.

Section 108(b) of the Bankruptcy Code provides as follows:

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title [11 USCS § 1201 or 1301] may file an pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

It is well settled that § 108(b) and not § 362 controls the running of the debtor's time to redeem property which has been foreclosed and sold pursuant to a final judgment. *In re Hand,* 52 B.R. 65 (Bkrtcy. M.D.Fla.1985); *Matter of Roberson,* 53 B.R. 37 (Bkrtcy.M.D.Fla.1985); *Matter of Sarasota Land Co.,* 36 B.R. 563 (Bkrtcy.M. D.Fla.1983). The only question presented here is whether or not the debtor can re-

deem property by providing for a cure and reinstatement of the mortgage under a Chapter 13 plan.

Numerous courts have grappled with the issue of the point in a foreclosure proceeding beyond which a debtor can no longer cure a default in a mortgage by using the provisions of 11 U.S.C. § 1322(b). Among the different courts within this state, there are widely differing views. Judge Paskay in the Middle District of Florida has held that once a final judgment in foreclosure has been entered, the mortgage merges into the judgment and can no longer be cured. *Matter of Venech*, 67 B.R. 56 (Bkrtcy.M.D.Fla.1986); *Matter of Akins*, 55 B.R. 183 (Bkrtcy.M.D.Fla.1985). Judge Weaver from the Southern District of Florida holds that a debtor may cure a default even after the sale, provided that the right of redemption has not expired. *In re Chambers*, 27 B.R. 687 (Bkrtcy.S.D.Fla. 1983).

This Court has previously held that the debtor may cure a mortgage default after entry of the foreclosure judgment but prior to sale. *United Companies Financial Corp. v. Brantley*, 6 B.R. 178 (Bkrtcy.N.D. Fla.1980). The latter case did not, however, consider the issue of cure after sale but prior to the issuance of the title certificate.

This issue was explored in depth by the Sixth Circuit in *Federal Land Bank of Louisville v. Glenn*, 760 F.2d 1428 (6th Cir.1985). In surveying the various positions taken by courts with respect to the point in time when the debtor can no longer cure a default, the Court noted that "All courts agree that at some point in the foreclosure process, the right to cure a default is irretrievably lost; however the statute itself provides no clear cut-off point except that which the courts may see fit to create". *Id* at 1435. The Court, recognizing that it was making a pragmatic choice, decided that the date of sale is the time beyond which the debtor could not cure under Chapter 13.

This Court agrees with the rationale followed by the Sixth Circuit in *Glenn, supra*, 760 F.2d at 1435–1436, for picking the sale date as the critical cut-off time. While at any time prior to sale, only the interests of the debtor/mortgagor and the creditor/mortgagee are balanced against each other, the sale brings in third parties who may acquire an interest in the property. Prior to sale, the sale is advertised to the public in hopes of bringing in bidders to maximize the sale price. In the event a third party, other than the mortgagee, is the high bidder, that person pays into the registry of the court the purchase price. Once the purchase price has been paid, the Clerk will issue the certificate of title ten (10) days after the sale unless the mortgagor redeems the property by paying the judgment in full. Thus, the high bidder and the mortgagee know that within ten (10) days, the purchaser will receive either title or a return of his money and the mortgagee will be paid.

The intervention of bankruptcy and the provisions of Title 11 U.S.C. § 108(b) extend the ten (10) day period for an additional sixty (60) days. If the debtor's rights during the sixty (60) days are limited to redemption by payment in full, the certainty of the result for all parties is still present, albeit a delayed result. However, if the debtor were permitted to attempt to cure and reinstate the original mortgage, the matter would be tied up until either confirmation of a plan or some other proceeding seeking to permit the Clerk to issue the title certificate. If a plan were confirmed and the debtor subsequently defaulted, the mortgagee would then have to proceed anew with a foreclosure action. The spectre of this happening after a foreclosure sale would surely have such a chilling effect on anyone considering purchasing property at such sale that the whole purpose of the public sale would be destroyed. A purchaser is entitled to the assurance that within a fixed time, he will either receive title or a return of his money.

Based on the foregoing, it is the opinion of this Court that after a foreclosure sale has been conducted, a debtor can no longer utilize the provisions of 11 U.S.C. § 1322(b) to cure and reinstate a mortgage.

Accordingly, the motion for rehearing is hereby denied.