**In the Matter of Giovanni BOROMEI, Debtor.**

**Bankruptcy No. 87–5754–8B3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 16, 1988.

David W. Steen, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

Mark Merrill, Tallahassee, Fla., for Sun Bank.

## ORDER ON MOTION FOR RELIEF FROM STAY BY SUN BANK OF TAMPA BAY

THOMAS E. BAYNES, Bankruptcy Judge.

The matter under consideration in the above-captioned Chapter 13 case is a motion filed by Sun Bank of Tampa Bay (movant) seeking relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code.

The movant filed a complaint in the Circuit Court of Hillsborough County, Florida seeking to foreclose against the principal residence of the Chapter 13 Debtor. On September 16, 1987, the Circuit Court entered a final judgment. The judicial sale was to take place on October 23, 1987. The Debtor, however, filed his Chapter 13 Petition on October 22, 1987, preventing the sale.

This case presents an issue which has been discussed by numerous courts. More importantly, in the State of Florida, the bankruptcy courts in the three districts take apparently different positions. The issue is simple: At what point in a mortgage foreclosure action may a Chapter 13 debtor seek to cure a mortgage default and reinstate the mortgage under Title 11, U.S.C., § 1322(b)? See, generally, *In re Gerald David Glenn*, 760 F.2d 1428 (6th Cir.1985).

A creditor's rights associated with mortgages is determined by state law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed. 2d 136 (1979). Florida mortgage law is applicable. Florida is a lien theory state whereby the mortgagee/creditor does not have any interest in the secured real property during the life of the mortgage. In order to acquire an interest in the property, the mortgagee must file a foreclosure complaint in the circuit court in the county where the property is located. After the entry of a final judgment and appropriate publication, a judicial sale is scheduled by the court. Subsequent to the judicial sale, the debtor has at least ten days to redeem the property by paying the full amount of the foreclosure judgment plus interest as allowed by law. If ten days elapse without a redemption, the clerk of the circuit court is authorized to issue a certificate of title. This judicial process and sale is the only method of foreclosing a real property mortgage under Florida law. See Fla.Stat., Chap. 702 and Chap. 45. There is no doubt under Florida law that until such time as a certificate of title issues, the debtor retains ownership and an equity of redemption. *In re Chambers*, 27 B.R. 687 (Bankr.S.D. Fla.1983). Upon the issuance of a certificate of title, title shifts from debtor to the purchaser at judicial sale.

Three subsections of 11 U.S.C. § 1322(b) impact on the mortgage reinstatement issue. The relevant portions of Section 1322(b) provide,

... the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(3) provide for the curing or waiving of any default;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

The courts have struggled to fully analyze the implications of Section 1322(b) upon a Chapter 13 debtor's ability to cure a default in a residential mortgage. Section 1322(b)(3) allows the debtor to cure or waive mortgage defaults. Section 1322(b)(2) places a limitation on the debtor's ability to make such mortgage modifications to those other than on the principal residence. In this case, a debtor could not cure a default under Section 1322(b)(3) on a mortgage covering the principal residence.

If a cure of the default in the mortgage is going to take place, it must be within the terms of Section 1322(b)(5). Under Section 1322(b)(5) the mortgage could be reinstated provided the mortgage default is cured within a reasonable time and payments are maintained while the case is pending on any claim on which the last payment is due after the date on which the final payment is due under the plan.

It is Section 1322(b)(5) which requires the court to determine if there is a time period within a mortgage foreclosure lawsuit when the debtor can cure the default and reinstate the mortgage on residential property. There are certain parameters to this issue. The issuance of the certificate of title cuts off the debtor's ownership rights and ability to cure the default under Section 1322(b). Similarly, prior to the entry of a final judgment, the debtor may cure the default and reinstate the mortgage. Usually, curing the default entails paying the prepetition payment arrearages in the plan and paying the post petition payments before the confirmation of the plan. [Note: Generally Florida law would not authorize a reinstatement of a mortgage subsequent to acceleration. *Old Republic Insurance Co. v. Lee*, 507 So.2d 754 (Fla. 4th DCA 1987) ]. The issues remaining within these parameters are the ability to cure the default under Section 1322(b) after entry of the mortgage foreclosure judgment or upon the occurrence of the judicial sale.

The bankruptcy courts in Florida have decided the Section 1322(b) reinstatement issue based on three different points in the mortgage foreclosure process. The Northern District of Florida has considered the issue twice. Generally, that Court would not allow the mortgage default to be cured by the debtor after the property has been sold at the judicial sale. *In re Westmore*, 75 B.R. 110, 112 (Bankr.N.D.Fla.1987); *United Companies Financial Corp. v. Brantley*, 6 B.R. 178 (Bankr.N.D.Fla.1980); The Middle District of Florida has also considered the issue twice. This Court has determined there is no right to reinstatement of a mortgage by the debtor after the foreclosure final judgment. Since there is a merger of the mortgage lien with the final judgment, no arrearages exist which could be cured by the debtor. *In the Matter of Venech*, 67 B.R. 56 (Bankr.M.D.Fla. 1986); *In the Matter of Akins*, 55 B.R. 183 (Bankr.M.D.Fla.1985); The Southern District of Florida has considered the issue on several occasions. The majority of decisions hold a debtor in a Chapter 13 case could not cure the mortgage default after the issuance of the certificate of title. *In re Martinez*, 76 B.R. 217 (Bankr.S.D.Fla. 1987); *In re Johnson*, 29 B.R. 104 (Bankr. S.D.Fla.1983); *In re Chambers*, 27 B.R. 687 (Bankr.S.D.Fla.1983). In *In re Pfleiderer*, 75 B.R. 363 (Bankr.S.D.Fla.1987), Judge Cristol held the debtor could cure a default where the mortgagee had purchased the property at judicial sale. However, in dicta, the Court stated if a third party had purchased the property at the judicial sale, the mortgage default could not be cured. See, generally, McCaughey and Jordan–Holmes, *How the Foreclosure Process Affects a Chapter 13 Debtor's Home in Florida*, Fla. B.J., Dec. 1987, at 59.

Other courts have determined a Chapter 13 debtor would not have a right to cure a default in a residential mortgage if a judicial sale had taken place. In a carefully considered opinion, the Sixth Circuit Court of Appeals held, inter alia, a Chapter 13 debtor could not cure a mortgage default because the judicial sale transferred the ownership of the property. *In re Glenn, supra*, at 1442. Judge Killian of the Northern District of Florida, relying on the *Glenn* decision, stated:

"This Court agrees with the rationale followed by the Sixth Circuit in *Glenn*, supra, 760 F.2d at 1435, 1436, for picking the sale date as the critical cutoff time. While at any time prior to sale, only the interest of the debtor/mortgagor and creditor/mortgagee are balanced against each other, the sale brings in third parties who may acquire an interest in the property. Prior to the sale, the sale is advertised to the public in hopes of bringing in bidders to maximize the sale price. In the event a third party, other than the mortgagee, is the high bidder,

that person pays in the registry of the court the purchase price. Once the purchase price has been paid, the clerk will issue the certificate of title ten (10) days after the sale unless the mortgagor redeems the property by paying the judgment in full. Thus, the higher bidder and the mortgagee know that within ten (10) days, the purchaser will receive either title or a return of his money and the mortagee will be paid."

*In re Westmore,* 75 B.R. 110, 112 (Bankr. N.D.Fla.1987).

*In re Pfleiderer, supra,* at 364, the Bankruptcy Court for the Southern District of Florida said, in dicta:

"... I believe that upon foreclosure sale, equitable title passes to the buyer subject to (1) the ministerial act of the clerk in issuing the certificate of title (2) the statutory right of redemption in the debtor. This is merely a right to buy back the property; *title having passed upon sale* (emphasis added) ...

... The court is concerned about bona fide third party purchases at foreclosure sales if reinstatement is allowed after sale. In such a case, the cash deposit of the third party purchaser is returned to the purchaser by the clerk of the court, without interest. The bidder at the foreclosure sale takes this risk as to the ten day redemption period. What if redemption is delayed pending a Chapter 13 confirmation hearing an additional month or more? The buyer faces loss of interest and the cash deposit, and other expenses and inconveniences ...

... The benefits to the debtor of the public foreclosure sale will be lost. It appears that when a bona fide third party buys at a foreclosure sale, § 322(b)(5) should not have application during the statutory redemption period. See, *In re Taylor,* 21 B.R. 179 (Bankr.W.D. Missouri 1982). The right to deacceleration and reinstate the mortgage, if permitted at all, should only be permitted where the mortgagee of the foreclosed mortgage is the foreclosure sale purchaser and would suffer no special damages that would make reinstatement inequitable."

Under Florida law, the judicial sale alone does not pass title. See gen. *Allstate Mortgage Corporation of Florida v. Strasser,* 277 So.2d 843 (Fla. 3rd DCA 1973), aff'd 286 So.2d 201 (Fla.1973). Further, the purchaser at the foreclosure sale is subrogated to the rights of the foreclosing mortgagee. *Edason v. Central Farmers' Trust Company,* 100 Fla. 348, 129 So. 698 (1930); *Quinn Plumbing Company v. New Miami Shores Corp.,* 100 Fla. 413, 129 So. 690 (1930); *In re Meyer v. Florida Home Finders, Inc.,* 90 Fla. 128, 105 So. 267 (1925). See also Baynes, *Florida Mortgages,* § 11–6, 17–1 (1982).

This Court shares the similar concerns regarding the effect an overshadowing Section 1322(b) cure might have on a judicial sale. The allowance of a cure of a mortgage default under Section 1322(b), however, should not turn on whether the purchaser at the judicial sale is the foreclosing mortgagee or third party. In either case, the successful bidder stands in the same position as the foreclosure judgment creditor. The judicial sale is not in and of itself a basis for denying or authorizing a cure of the mortgage under Section 1322(b)(5). Rather, the entry of the final judgment terminates the debtor's right to cure the default in the mortgage. Since the debtor cannot cure subsequent to the final judgment, it is obvious the debtor cannot cure subsequent to the judicial sale.

When a mortgagee files a foreclosure complaint, the underlying indebtedness is accelerated. *David v. Sun Federal Savings & Loan Association,* 461 So.2d 93 (Fla.1984); *Campbell v. Werner,* 232 So.2d 252 (Fla. 3rd DCA 1970). Upon the entry of the foreclosure judgment, the cause of action and the mortgage lien merges into that final judgment. See, *Nassau Realty Corp. v. City of Jacksonville,* 144 Fla. 754, 198 So. 581 (1940); *City of Bradenton v. North Investment Corporation,* 121 Fla. 470, 164 So. 186 (1935). See also, *Yalero v. Tri-City Title Company,* 445 So.2d 1116 (Fla. 2nd DCA 1984); 32 Fla.Jur.2d, *Judgment and Decrees,* § 85–87 (1981). The final judgment recites the total accelerated

amount in terms of principal, interest, attorneys' fees and costs. The debtor, at that point, has an equity of redemption whereby his only option is to redeem the property by paying the total final judgment amount plus interest and any costs associated with the sale. Baynes, *Florida Mortgages,* § 10–1 (1982). The certificate of title will issue not less than ten days subsequent to the judicial sale. The time frame would not permit the debtor to cure the default and allow reinstatement of the mortgage within the terms and time frame of Section 1322(b)(5). Therefore, the debtor does not have a right to cure the default and reinstate the mortgage under Section 1322(b)(5) subsequent to the entry of the final foreclosure judgment. See, *Matter of Denech,* 67 B.R. 56 (Bankr.M.D.Fla.1986); *Matter of Akins,* 55 B.R. 183 (Bankr.M.D. Fla.1985).

Notwithstanding the general intent of Congress in enacting Section 1322(b), this Court, by way of a curing of a default in a mortgage, is very reluctant to vacate a state court final judgment without a specific statement by Congress that Section 1322(b) was intended for that purpose. See, *In re Glenn, supra; In re Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

In the case at hand, it appearing the redemption period as provided by Florida law and as extended by Section 108 has expired, and the Debtor not having exercised its equity of redemption, *In re Trust No. 101B,* 77 B.R. 973 (Bankr.S.D.Fla. 1987), it is

ORDERED, ADJUDGED AND DECREED that Sun Bank of Tampa Bay's Motion for Relief from the Automatic Stay is hereby granted. Sun Bank of Tampa Bay may proceed to exercise its rights under its foreclosure judgment, and other remedies under Florida law, its mortgage or promissory note. Sun Bank of Tampa Bay shall not seek nor obtain an in personam judgment against the Debtor.