Henry BOYD, Jr., Plaintiff–Appellant,

v.

UNITED STATES of America, Farmers Home Administration, et al., Defendants–Appellees.

No. 88–4285
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1988.

Henry Boyd, Jr., Holly Springs, Miss., pro se.

Robert P. Crutcher, Asst. U.S. Atty., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for defendants-appellees.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

In February 1977 Henry S. Boyd received a rural housing loan from the Farmers Home Administration (FmHA). Boyd executed a promissory note and real estate deed of trust in favor of the FmHA. Over time, Boyd had difficulties keeping current on his loan. In September 1981 and in

March 1985, the FmHA initiated foreclosure proceedings against Boyd but withdrew them when Boyd brought his account current.

By August 1985 Boyd was, again, delinquent. On August 29, 1985, the FmHA advised Boyd of the delinquency. Boyd failed to bring his account current and on September 16, 1985, the FmHA sent him a notice of acceleration by certified mail, return receipt requested. Boyd does not deny that he eventually received the notice, but complains that he did not receive it until September 27 and that it was not signed. The district court found that Boyd did receive the notice and that the notice he received was signed.

The notice of acceleration informs the borrower that he has the right to appeal the FmHA's decision to accelerate. In addition, the notice explains that the borrower may use the appeals process if the FmHA failed to advise him of his right to request a moratorium on payments on his account. In explaining the appeals procedure, the notice specifies that the request for a hearing must be written. The district court found that Boyd was familiar with the loan procedure and that he could read and understand the notice of acceleration.

Boyd contends that he made an oral request for a hearing to Alphonse Taylor, the Assistant County Supervisor for the Marshall County FmHA. Taylor, not a party to this action, testified that Boyd did not request a hearing, either orally or in writing. Boyd admits that he did not make an oral or written request for a hearing to any of the defendants to this action.

As Boyd did not make a written request for a hearing, the FmHA did not hold one. In March 1986 the FmHA conducted a public sale of the property. Rather than vacating the premises, Boyd filed this action, pro se, alleging that the FmHA's foreclosure procedures violated the Fifth and Fourteenth Amendments, as well as 42 U.S.C. § 1983 and 42 U.S.C. §§ 1471 and 1490. Boyd named as defendants the United States, the FmHA, Aaron R. Goolsby, County Supervisor of the Marshall County FmHA, Talmadge Finch, District Director of the FmHA, and John Arthur, State Director of the FmHA. The defendants counterclaimed to obtain Boyd's eviction and filed a motion to dismiss or, in the alternative, for summary judgment, on all of Boyd's claims. The district court granted the defendant's motion on all claims except Boyd's Fifth Amendment claim.

Defendant Finch filed an amended affidavit, explaining the mailing procedure for Boyd's notice of acceleration. In response to the amended affidavit, Boyd filed a motion to amend his complaint and a motion to strike defenses. The district court denied both motions. At trial, the only issue was whether the defendants violated Boyd's Fifth Amendment rights by foreclosing on his property without first holding a hearing. Noting that the issue turned on whether Boyd requested a hearing, the court held that due process requires only that the FmHA give Boyd the opportunity to request and to have a hearing to review the FmHA's decision; Boyd waived his opportunity and, therefore, the FmHA did not deny him due process. Boyd appeals, pro se, arguing that the district court erred in granting the FmHA's motion to dismiss or, in the alternative, motion for summary judgment and in denying Boyd's motions to amend and to strike. Boyd also argues that the FmHA's foreclosure proceedings violated his due process rights for a variety of reasons. We disagree on all counts and affirm the district court's decision.

## Motion to Dismiss

The district court properly granted the FmHA's motion to dismiss or, in the alternative, motion for summary judgment. In disposing of the motion, the district court resolved several questions of law. The court held that Boyd did not have a claim under 42 U.S.C. § 1983 because the defendants acted under color of federal law, not state law. Therefore, the defendants' actions did not form the basis of a § 1983 claim. Furthermore, Boyd sued the federal government which, as the district court held, has not waived sovereign immunity for § 1983 claims. Similarly, the court held that Boyd did not have a Fourteenth

Amendment claim because the Fourteenth Amendment applies to the states, not to the federal government. Finally, the district court dismissed Boyd's claims under 42 U.S.C. §§ 1471 and 1490, Section 1471 merely provides for financial assistance through the FmHA and § 1490 is a definitional provision, which does not confer subject matter jurisdiction on the district court. Thus, the district court dismissed all of Boyd's claims, save his Fifth Amendment claim, in one motion.

Boyd does not take issue with the district court's conclusions of law. Rather, Boyd argues that the court should have resolved the issues on a motion to dismiss, not on a motion for summary judgment. As the court considered an affidavit when it decided the motion, it went outside the pleadings and converted the motion into a motion for summary judgment. Furthermore, according to Boyd, the court erred when it relied on an affidavit because the affidavit was not based on personal knowledge. We disagree.

The district court used the appropriate procedural tool to dispose of the claims that were meritless as a matter of law. We know of no reason why the district court cannot resolve pure questions of law on a motion to dismiss or, in the alternative, a motion for summary judgment. The motion did become a motion for summary judgment when the court went beyond the pleadings and considered the affidavit. The defendants were, however, entitled to judgment in their favor as a matter of law and there were no issues of fact material to the claims that the district court dismissed. Whether the affidavit was based on personal knowledge is immaterial to the motion. The affidavit addressed the FmHA's internal procedures, while the district court's ruling addressed whether the Fourteenth Amendment and § 1983 claims lie against federal agents. The court did not rely on the affidavit in making its decision and, therefore, the affiant's lack of personal knowledge is irrelevant.

### Motion to Amend

The district court did not err in denying Boyd's motion for leave to amend his complaint. After the district court dismissed all of Boyd's claims except the Fifth Amendment claim, defendant Finch amended his affidavit. In his original affidavit, Finch said that the notice of acceleration was returned to the FmHA office when Boyd did not accept it. In his amended affidavit, Finch said that the notice remained at the post office until the FmHA attempted a second delivery. On the basis of Finch's affidavit, Boyd sought leave to amend his complaint ten days before trial. Boyd contends that Finch's altered testimony provides the basis for reinstating the Fourteenth Amendment and § 1983 claims against the individual defendants. The district court denied Boyd's motion as untimely filed. We agree.

As the district court pointed out, it is within the court's discretion to grant or deny leave to amend after a responsive pleading has been filed. Fed.R.Civ.P. Rule 15(a). The court may deny leave to amend on the grounds of undue delay, bad faith or dilatory motive on the part of the movant. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981). In addition, the court may consider judicial economy and the most expeditious way to dispose of the merits of the case. *Id.* The court did not abuse its discretion in denying Boyd's motion for leave to amend as untimely filed. Boyd's request came late in the litigation and would have done little to assist the court in disposing of the merits of the case.

### Motion to Strike

The district court properly denied Boyd's motion to strike FmHA's defenses. In its amended answer, the FmHA claimed that Boyd received the original, signed notice of acceleration. The FmHA stated, in the answer, that it mailed the notice on September 16, 1985, by certified mail, return receipt requested, and that it was returned on the same day. At trial, Finch corrected his statement, testifying that the notice was returned to the post office, not to the FmHA, when the initial delivery was unsuccessful. Contending that Finch's

statement was false, Boyd argues that Fed. R.Civ.P. Rule 12 requires the district court to strike the answer. The district court correctly noted that falsity is not a grounds for striking an answer under Rule 12. Moreover, as the district court noted, there is no question whether Boyd actually received the notice. The discrepancy is immaterial, and, certainly not grounds for striking the FmHA's defense.

### Boyd's Fifth Amendment Claims

██ The district court correctly held that the FmHA did not violate Boyd's Fifth Amendment due process rights when it proceeded with the foreclosure. After the court granted the FmHA's motion to dismiss or, in the alternative, motion for summary judgment, only one issue was left for trial: whether the FmHA's foreclosure proceedings violated Boyd's due process rights. After a bench trial on the merits, the district court concluded that Boyd received a meaningful opportunity to be heard that Boyd waived by failing to make a written request for review of the FmHA's decision to accelerate. As a result, the district court held that the FmHA's procedures did not violate Boyd's due process rights.

Boyd argues that the FmHA's procedures violated his Fifth Amendment rights because the FmHA's regulations do not comply with the FmHA's statutory mandate and because the FmHA did not follow its own regulations. Each argument is meritless. Boyd claims that the FmHA's form notice of acceleration does not comply with 42 U.S.C. § 1480 because it does not specify the time in which to appeal, explain the hearing procedure or inform the borrower of his right to an informal meeting with the FmHA decision maker. Furthermore, Boyd contends that the FmHA did not comply with its own regulatory procedure because the notice did not notify Boyd that he was not eligible for moratorium relief, did not notify Boyd of his right to an informal hearing with the FmHA decision maker, directed him to file his appeal in a manner inconsistent with the FmHA appeals procedure and did not explain how to

appeal from the first appeal. Each claim is meritless.

██ The FmHA regulations do comply with 42 U.S.C. § 1480. Section 1480 requires the FmHA to issue regulations providing borrowers whose assistance is reduced, terminated or not renewed with written notice of the reason for the action and an opportunity to appeal. 42 U.S.C. § 1480(g) (1988). The FmHA promulgated regulations in response to this mandate and the notice that the FmHA used complies with those regulations. Furthermore, neither § 1480 nor the regulations require that FmHA notify the borrower about his "right" to an informal meeting in the notice of acceleration. First, § 1480 does not mandate the "informal meeting," let alone require notice of its availability. Second, under the regulations, the informal meeting is not mandatory and is not a right to which all borrowers are entitled. The regulations provide that a "meeting will be required to be held between the affected parties and the decision maker to explain the adverse decision before the appeals process will begin. The meeting may be waived by the decision maker if the decision maker previously met with or advised the affected parties of the specific reasons for the denial or the decision maker determines that a meeting would likely not avoid an appeal." 7 C.F.R. § 1900.55(c) (1985). Thus, the decision maker can fulfill the requirements of § 1900.55(c) by explaining the adverse decision before the FmHA actually foreclosed. Moreover, the decision maker has the discretion to waive the meeting. The FmHA's failure to notify Boyd about the informal meeting did not, therefore, deprive Boyd of a procedure guaranteed by § 1480 or by the FmHA's regulations.

██ The FmHA's procedures, themselves, complied with the FmHA's regulations. Essentially, Boyd takes issue with the district court findings of fact, none of which are clearly erroneous. First, the notice of acceleration is not defective for failure to notify Boyd that he is not eligible for moratorium relief. The FmHA's regulation requires that the notice of acceler-

ation inform the borrower that he may appeal if he believes the decision to foreclose was erroneous or if the FmHA did not explain his right to request moratorium relief. The notice that the FmHA sent to Boyd contains language that is identical to the language in the regulation. Furthermore, the district court found that the FmHA explained to Boyd that he was not eligible for moratorium relief before it foreclosed.

Second, the notice is not defective for failure to notify Boyd of the informal meeting. The regulations do not require notice of the meeting. Furthermore, the court found that a January 1985 meeting between Boyd and Finch, at which Finch told Boyd that the FmHA would foreclose if Boyd did not bring his account current, satisfied the requirements of § 1900.55(c). Without explaining why the district court's finding concluding that the January meeting was sufficient under § 1900.55(c). Without explaining why the district court's finding is erroneous, Boyd claims that the court abused its discretion by concluding that the January meeting was sufficient under § 1900.55(c). We find no indication in the record that the court's finding is clearly erroneous.

Third, the notice is not defective for lack of a signature. Neither party introduced a signed notice of acceleration at trial. Boyd maintains on appeal that he never received a signed notice. The district court found that the FmHA sent Boyd a signed notice of termination. Boyd offers no basis for concluding that the district court's finding was clearly erroneous and we find none in our own review of the record.

Fourth, the notice does not instruct Boyd to file his appeal in an incorrect manner. Boyd does not explain why or how the notice directs him to pursue his appeal incorrectly and we cannot find a discrepancy between the regulatory requirements and the notice that the FmHA used.

Finally, the notice is not defective for failure to explain the second level of appeal. The notice is notice of an adverse decision by the FmHA; it explains how to obtain review of that decision. There is no statutory or regulatory requirement for a description of the second type of the FmHA's appeals process.

AFFIRMED.