**In re Henry BOYD, Jr.**

**Bankruptcy No. 88–42545.**

United States Bankruptcy Court,
N.D. Mississippi.

Aug. 2, 1989.

Clencie L. Cotton, Holly Springs, Miss., for Henry Boyd.

Robert Crutcher, Asst. U.S. Atty., Oxford, Miss., for Farmers Home Admin.

OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

On consideration of the motion for relief from the automatic stay and request for

abandonment filed in the above styled and numbered Chapter 13 case by the United States of America on behalf of its agency, Farmers Home Administration, U.S. Department of Agriculture, hereinafter FmHA; response to said motion having been filed by Henry Boyd, Jr., hereinafter debtor or Boyd; and the Court, having considered the memoranda of law submitted by the parties, as well as, the testimony elicited and exhibits produced at the hearing held on this matter, hereby finds, orders and adjudicates as follows, to-wit:

### I.

The Court has jurisdiction of the subject matter and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (G) and (O).

### II.

In 1977, in connection with a loan received from FmHA, the debtor executed a promissory note wherein he agreed to repay the principal and interest to FmHA through monthly installments of $155.00. As security for the note, the debtor executed a deed of trust in favor of FmHA on his residential real property, a house located in Marshall County, Mississippi. The debtor subsequently defaulted under the promissory note. FmHA accelerated the debt and made demand for payment, notice of which was received by the debtor in September, 1985. On March 10, 1986, a foreclosure sale was conducted where FmHA was the sole bidder. The trustee's deed was filed for record with the Chancery Clerk of Marshall County on March 19, 1986.

Subsequent to the completion of the foreclosure, the debtor filed a complaint to set aside the foreclosure in the United States District Court for the Northern District of Mississippi. A counterclaim for eviction was filed by FmHA. On December 29, 1986, a default judgment on the counterclaim was entered against the debtor. The following month, on January 6, 1987, the default judgment was set aside by a separate order of the District Court, conditioned on the debtor's continuing to make monthly rental and interest payments.

In December, 1987, pursuant to a motion for summary judgment, an order was entered which dismissed FmHA from the case, as well as, dismissed all counts of the complaint except a Constitutional Fifth Amendment due process claim. The suit was allowed to continue against certain named FmHA officials in their individual capacities and on the eviction counterclaim. The case came to a conclusion in April, 1988, when an order was entered dismissing the remaining claims of the complaint and granting judgment in favor of FmHA on its counterclaim for eviction. The debtor appealed the decision of the District Court to the United States Court of Appeals for the Fifth Circuit. By judgment dated November 30, 1988, the Fifth Circuit affirmed, 861 F.2d 106.

The debtor filed a Chapter 13 bankruptcy petition and plan on December 16, 1988, listing FmHA as the only creditor. The plan provides for mortgage payments of $155.00 per month to FmHA, as well as, $80.34 per month to cure the arrearage of $1337.00, incurred from December 1, 1984 to January 17, 1985. FmHA did not object to the plan and an order of confirmation was entered on February 24, 1989. On February 27, 1989, FmHA filed its motion for relief from the automatic stay and abandonment. This motion is now before the Court.

### III.

Although the filing of a Chapter 13 bankruptcy case, pursuant to the ruling in *Grubbs v. Houston First American Savings Association*, 730 F.2d 236 (5th Cir. 1984), allows a debtor to reinstate a mortgaged indebtedness, such right is generally considered extinguished by a pre-petition foreclosure that has been fully consummated. *In re Flowers*, 94 B.R. 3 (Bankr.D.D.C. 1988); *Matter of Boromei*, 83 B.R. 74 (Bankr.M.D.Fla.1988); *In re Campbell*, 82 B.R. 614 (Bankr.S.D.Fla.1988). Under Mississippi law, a valid foreclosure cuts off the mortgagor's rights of redemption and "any other rights in and to the property (all of

which are transferred to the foreclosure sale proceeds), with the sole exception of rights perfected prior to the filing of the deed of trust under which the foreclosure sale is held." *Peoples Bank & Trust Co. v. L & T Developers*, 434 So.2d 699, 708 (Miss.1983). In the present case, the debtor filed his Chapter 13 petition thirty-three months after the foreclosure sale had been concluded and the trustee's deed had been recorded. On the date of the bankruptcy filing the debtor had no *legal* rights in the property.

The debtor contends that since a confirmation order was entered in this case without objection, the property in question has revested in the debtor free and clear of liens. The debtor further posits that FmHA is bound by the provisions of the plan pursuant to 11 U.S.C. § 1327. The Court is not persuaded by this reasoning. The property in question cannot magically revest in the debtor because it never was property of the debtor's bankruptcy estate. The debtor cannot reinstate the payment obligations set forth in the promissory note, because subsequent to the pre-petition foreclosure sale and recordation of the trustee's deed, the debtor lost all legal rights to the property. His equitable rights to the property, if any, were likewise extinguished by the entry of the District Court's order of eviction which was affirmed by the Fifth Circuit. Accordingly, it is the opinion of the Court that sufficient "cause" exists in this case to justify lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to effect the ouster of the defendant from the property.

A separate order shall be entered consistent with this Opinion.