United States Court of Appeals,

Fifth Circuit.

No. 93-7366

Summary Calendar.

In The Matter of Henry BOYD, Jr., Debtor.

Henry BOYD, Jr., Appellant,

v.

UNITED STATES of America/FMHA, Appellee.

Jan. 6, 1994.

Appeal from the United States District Court for the Northern District of Mississippi.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

## BACKGROUND

In conjunction with a loan received from Farmers Home Administration ("FmHA"), Henry Boyd, Jr. executed a promissory note secured by his residence (the "Property"). Boyd later defaulted on the loan. In March 1986, FmHA conducted a foreclosure sale where FmHA was the only bidder. Boyd challenged the foreclosure in district court. FmHA counterclaimed for eviction. The district court dismissed Boyd's complaint and granted the eviction. In November 1988, this Court affirmed, 861 F.2d 106.

In December 1988, Boyd filed a Chapter 13 bankruptcy petition and plan listing FmHA as the only creditor. The plan claimed the Property as an exempt asset of Boyd's estate. The plan also provided for monthly mortgage payments to FmHA. Without objection, the bankruptcy court confirmed the plan.

Shortly after the confirmation, FmHA filed a motion for abandonment and for relief from automatic stay. The bankruptcy court granted FmHA's motion, 107 B.R. 541. Pursuant to the relief from stay and order from the district court, Boyd was evicted from the Property. FmHA also filed adversary proceedings to recover rent. Boyd counterclaimed that the foreclosure should be set aside.

The bankruptcy court dismissed Boyd's counterclaim and entered summary judgment awarding rent to FmHA. Later, Boyd filed a motion to hold FmHA in contempt for violating the automatic stay. The bankruptcy court dismissed his motion.

Boyd appealed the following orders of the bankruptcy court to the district court: (1) the order striking his counterclaim; (2) the order denying his motion for reconsideration of the counterclaim; (3) the summary judgment order awarding rent to FmHA; (4) the order dismissing his contempt motion; (5) and the order overruling his objection to the dismissal of his contempt motion. The district court affirmed, and so do we.

## DISCUSSION

Boyd contends that because the confirmation order was entered by the bankruptcy court without objection, the Property has revested in him free and clear of liens and FmHA is bound by the plan. Boyd further posits that because the plan was confirmed, the bankruptcy court had no jurisdiction to grant FmHA's motion for abandonment and relief from automatic stay or to hear FmHA's adversary proceeding to recover rent. We are not persuaded by this reasoning.

Although the plan was confirmed without objection, a plan confirmation cannot magically revest Boyd with property that was never property of Boyd's bankruptcy estate. Under § 541(a) of the Bankruptcy Code property of the debtor's estate includes "all legal and equitable interest of the debtor in property as of the commencement of the case." "The nature of the debtor's interest in property which accrues to the estate is based on nonbankruptcy law." *Matter of Pinetree, Ltd.,* 876 F.2d 34, 36 (5th Cir.1989). In this case, Mississippi law provides that a valid foreclosure cuts off the mortgagor's right of "redemption and any other rights in and to the property (all of which are transferred to the foreclosure sale proceeds), with the sole exception of rights perfected prior to the filing of the deed of trust under which the foreclose sale is held." *Peoples Bank & Trust Co. v. L & T Developers, Inc.,* 434 So.2d 699, 708 (Miss.1983).

Boyd filed his Chapter 13 petition thirty-three months after the foreclosure sale had been concluded and the trustee's deed had been recorded. On the date Boyd filed for bankruptcy he had no legal rights in the Property. His equitable rights, if any, were extinguished by the district court's

eviction order, which was affirmed by this Court. Having no viable interest in the Property at the time the Chapter 13 petition was filed, Boyd conveyed nothing to his bankruptcy estate.

Boyd's second contention is that FmHA should be held in contempt because it violated the automatic stay by filing a motion for abandonment and relief from automatic stay, by evicting Boyd from the Property, and by filing an adversary proceeding seeking to recover rent. This argument is without merit because the bankruptcy court granted FmHA relief from the automatic stay.

For the foregoing reasons the decision of the district court is

AFFIRMED.