**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60725
Summary Calendar
_____


In the Matter of
HENRY BOYD, JR.,

Debtor.


HENRY BOYD, JR.,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA/FARMERS HOME ADMINISTRATION;
UNITED STATES DEPARTMENT OF AGRICULTURE;
LOCKE D. BARKLEY, Trustee,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:94-CV-189-S)
_____
June 25, 1996


Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henry Boyd, Jr., appeals the judgment of the district court affirming, on *res judicata* grounds, an order of the bankruptcy court denying his motion for formal order of approval of exemptions. Finding no error, we affirm.

## I.

In conjunction with a loan received from Farmers Home Administration ("FmHA"), Boyd executed a promissory note secured by his residence (the "property"). Boyd subsequently defaulted on the loan, and FmHA foreclosed on the property. In March 1986, FmHA conducted a foreclosure sale at which it was the sole bidder. Boyd challenged the foreclosure in district court, and FmHA counter-claimed for eviction. The district court dismissed Boyd's complaint and granted the eviction. In November 1988, we affirmed. *Boyd v. United States*, 861 F.2d 106 (5th Cir. 1988) ("*Boyd I*").

On December 16, 1988, Boyd filed a chapter 13 bankruptcy petition and plan, listing FmHA as the only creditor. The plan claimed the property as an exempt asset and provided for monthly mortgage payments to FmHA. No objection or claim was made by FmHA, and the bankruptcy court confirmed the plan on February 24, 1989.

On February 27, 1989, FmHA filed a motion for abandonment and for relief from the automatic stay. The bankruptcy court granted FmHA's motion. *In re Boyd*, 107 B.R. 541 (Bankr. N.D. Miss. 1989). Boyd was evicted, and the district court affirmed the bankruptcy

court's order.

FmHA filed an adversary proceeding to recover rent, and Boyd counterclaimed that the foreclosure should be set aside. The bankruptcy court dismissed Boyd's counterclaim and entered summary judgment, awarding rent to FmHA. Later, Boyd filed a motion to hold FmHA in contempt for violating the automatic stay. The bankruptcy court dismissed his motion.

Boyd then appealed the following orders to this court: (1) the order striking his counterclaim; (2) the order denying his motion for reconsideration of the counterclaim; (3) the summary judgment order awarding rent to FmHA; (4) the order dismissing his contempt motion; and (5) the order overruling his objection to the dismissal of his contempt motion. We affirmed. *Boyd v. United States*, 11 F.3d 59 (5th Cir.), *cert denied*, 114 S. Ct. 2103 (1994) ("*Boyd II*").

Boyd then filed a number of motions with the bankruptcy court, which the court denied. The district court affirmed, noting that the issues on appeal were barred by the doctrine of *res judicata* because they were attempts to relitigate the issues decided by Boyd's previous appeal, namely whether FmHA was bound by the bankruptcy plan because the confirmation order was entered by the bankruptcy court without objection.

II.

3

Boyd's only argument in this appeal is that *Celotex Corp. v.*
*Edwards*, 115 S. Ct. 1493 (1995), decided after *Boyd II*, reversed
the decisions in his prior appeals. Because Boyd was not a party
to *Celotex,* and the case did not explicitly or implicitly reverse
*Boyd I* or *Boyd II*,[1] Boyd's argument is that a final judgment does
not have a *res judicata* effect if a later decision somehow calls
into doubt the court's reasoning. Boyd's argument is fundamentally
at odds with the doctrine of *res judicata*; a judgment based on a
legal principle subsequently overruled in another case is still
entitled to *res judicata* effect. *Federated Dep't Stores v. Moitie*,
452 U.S. 394, 398-99 (1981); *Erspan v. Badgett*, 659 F.2d 26, 27-28
(5th Cir. Unit A Oct. 1981), *cert. denied,* 455 U.S. 945 (1982);
18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 4429 (1981).

> Simply put, the doctrine of res judicata provides that
> when a final judgment has been entered on the merits of
> a case, "[i]t is a finality as to the claim or demand in
> controversy, concluding parties and those in privity with
> them, not only as to every matter which was offered and
> received to sustain or defeat the claim or demand, but as
> to any other admissible matter which might have been

---

[1] Boyd assets that *Celotex* addressed the precise issues presented in *Boyd II*. This court's decision in *Boyd II* is not inconsistent with *Celotex*. In *Celotex*, the Court held that a judgment creditor was obligated to obey a bankruptcy court's injunction prohibiting it from executing against the debtor's surety on supersedeas bond posted by debtor where the judgment that occasioned the bond had become final. 115 S. Ct. at 1496. The court noted that the proper way to challenge an injunction is with the issuing court. *Id*. at 1498.

Boyd has failed to explain how *Celotex* applies to a case where a bankruptcy court granted a creditor relief from a stay and allowed the creditor to challenge its confirmation order. The Court's decision that a creditor may not collaterally attack an injunction in a different court does not support the contention that a creditor may not directly attack a confirmation order in the court where it was issued.

4

offered for that purpose." The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever."

*Nevada v. United States*, 463 U.S. 110, 129-30 (1983) (citations omitted).

AFFIRMED. All outstanding motions are DENIED.

5