**In re Jimmie L. JOHNSON, Debtor.**

**Bankruptcy No. 82–02396–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

March 2, 1983.

Robert Korschun, Miami, Fla., for creditor.

James Trapp, Miami, Fla., for debtor.

Robert Roth, Miami, Fla., Trustee.

Jimmie Johnson, debtor pro se.

## ORDER VACATING ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor's motion for reconsideration (C.P. No. 11) of the January 17 Order of Dismissal (C.P. No. 10) was heard on February 14.

This chapter 13 case was dismissed without consideration of a plan filed 13 days after the plan was due under the rules and after the trustee and a creditor had moved for dismissal. In this instance, the delay was not the debtor's fault and dismissal was not ordered on that account.

Dismissal was ordered because the debtor's primary purpose is to cure and reinstate a defaulted mortgage on his home and because bankruptcy occurred after the entry of a foreclosure judgment. I held that the judgment substituted an accelerated debt payable then for the installment debt of the mortgage which extended beyond the term of the debtor's plan. I relied on 11 U.S.C. § 1322(b)(2) and (5) which restricts the curing of defaults to those claims:

"... on which the last payment is due after the date on which the final payment under the plan is due."

Although bankruptcy courts have been divided on this point, I followed *In re Jenkins,* Bkrtcy.N.D.Ill.1981, 14 B.R. 748, 750 and other decisions to the same effect. I was wrong.

The only presently reported appellate decision treating this point is *In re Taddeo,* 2 Cir.1982, 685 F.2d 24. *Taddeo* dealt with a chapter 13 petition filed before, not after, a foreclosure judgment and I recognize that the dicta in that decision is not binding here. However, I am persuaded by the review of the legislative history and the policy considerations urged in that opinion. I am now convinced that:

"In short, 'curing a default' in Chapter 11 means the same as it does in Chapter 7 or 13: the event of default is remedied and the consequences are nullified. A state law to the contrary must fall before the Bankruptcy Code." At p. 29.

Even if State law were controlling on this point, I am also convinced that in Florida a mortgage does not merge into a foreclosure decree. It subsists until it merges into the title certificate issued after the foreclosure sale. *City of Miami Beach v. Smith,* 5 Cir.1977, 551 F.2d 1370, 1374; *United Companies Financial Corp. v. Brantley,* Bkrtcy.N.D.Fla.1980, 6 B.R. 178, 189.

Indeed, though the point is not presented here, I am convinced that the right to de-accelerate the mortgage lien, cure the default and reinstate the installment debt continues (at least in Florida) until the statutory right of redemption expires. § 45.031(3), Florida Statutes; *Allstate Mortgage Corp. of Florida v. Strasser,* Fla.1973, 286 So.2d 201, 203; 37 *Fla.Jur.2d* Mortgages, § 365. That occurs when the clerk files a certificate of title, ten days after the filing of the certificate of sale if no objections are filed. § 45.031(3), Florida Statutes.

Based on the foregoing, the debtor's motion for reconsideration is granted. The order of dismissal is vacated. Confirmation of the debtor's chapter 13 plan will be considered at a hearing on April 13, 1983, at 2:00 p.m. in Courtroom 1406, 51 S.W. 1 Avenue, Miami, Florida. The debtor is urged to draft and present then any amendment deemed necessary, because of the delay that has already occurred in this case.