In re Gary Lee **PFLEIDERER**, Beverly C. Pfleiderer, Debtors.

Bankruptcy No. 87–00803–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

May 5, 1987.

Bernard I. Rappaport, Miami, Fla., for debtors.

Robert L. Roth, Miami, Fla., for trustee.

Stormie Stafford, Miami, Fla., for creditor.

## MEMORANDUM DECISION ON MOTION FOR REHEARING

A. JAY CRISTOL, Bankruptcy Judge.

On March 12, 1987, Gary Lee Pfleiderer and Beverly C. Pfleiderer filed for protec-

ter.

tion under chapter 7 of the U.S. Bankruptcy Code. The case was converted to chapter 13 on March 30, 1987. By failing to make any monthly payments since September 30, 1986, the debtors defaulted on a second mortgage in the amount of $20,000 held by First National Bank of Homestead. The debtors' default resulted in the entry of a Final Judgment in Foreclosure on January 12, 1987.

Court ordered foreclosure sale was held March 3, 1987, at which time the bank was the successful bidder for the property. The debtors filing on March 12, 1987 stayed the court clerk from issuing a certificate of title to the bank on March 13, 1987, pursuant to *Fla.Stat.* § 702.02(3) (1969).

On April 7, 1987, a hearing was held on the motion of First National Bank of Homestead for relief from the automatic stay. 11 U.S.C. § 362.

At the time of the hearing, the court ruled that the movant was entitled to relief from stay based on the conclusion that once a foreclosure sale takes place, the debtor only has a statutory right of redemption. *Fla.Stat.* § 702.02(3) (1969). The court held that the debtor could redeem the property only by paying the entire indebtedness and the bankruptcy court's only power was to extend the time for redemption as provided in 11 U.S.C. § 108(b). This ruling was based on the reasoning that upon completion of a foreclosure sale, a successful bidder at the sale becomes the equitable owner of the property with only legal title and the statutory right of redemption in the mortgagor. Therefore, the real estate is not a part of the debtor's estate. The estate has only a statutory right of redemption or option to buy back the property.

Upon consideration of the debtors' motion for rehearing, the court withdraws its order of April 7, 1987 which granted First National Bank of Homestead relief from stay.

The issue of whether a chapter 13 petition filed between the date of a foreclosure sale and the date of issuance of a certificate of title by the Clerk is timely to allow for de-acceleration of a mortgage has been addressed in this district. In *In re Johnson*, 29 B.R. 104 (Bankr.S.D.Fla.1983), Chief Judge Thomas C. Britton ruled that under Florida law, a mortgage does not merge into a foreclosure decree, but rather the mortgage exists until it merges into the title certificate issued after the foreclosure sale. *Fla.Stat.* § 702.02(3) (1969). Judge Britton stated that while the point was not at issue, he was "convinced that the right to de-accelerate the mortgage lien, cure the default and reinstate the installment debt, continues (at least in Florida) until the statutory right of redemption expires." *Johnson,* supra at 105.

I am unable to agree with my learned Chief Judge. I believe that upon foreclosure sale, equitable title passes to the buyer-subject to (1) the ministerial act of the clerk in issuing the certificate of title (2) the statutory right of redemption in the debtor. This is merely a right to buy back the property; title having passed upon sale.

Similarly, in *In re Chambers*, 27 B.R. 687 (Bankr.S.D.Fla.1983), Judge Sidney M. Weaver held that until there has been a divestment of title by the issuance of the certificate of title following a foreclosure sale, § 1322(b)(5) allows the debtor to de-accelerate and reinstate the mortgage by curing any default within a reasonable time.

The court is concerned about bona fide third party purchasers at foreclosure sales if reinstatement is allowed after sale. In such a case, the cash deposit of the third party purchaser is returned to the purchaser by the Clerk of the Court, without interest. The bidder at a foreclosure sale takes this risk as to the ten-day redemption period. What if redemption is delayed pending a chapter 13 confirmation hearing and an additional month or more passes by? The buyer faces loss of interest on the cash deposit and other expense and inconvenience. This would have a chilling effect and could diminish public interest in foreclosure sales. If the foreclosure sale becomes a matter only between the mortgagee and the mortgagor and the public sale aspect is lost, we would be regressing towards strict foreclosure. The benefits to the debtor of the public foreclosure sale

will be lost. It appears that when a bona fide third party buys at a foreclosure sale, § 1322(b)(5) should not have application during the statutory redemption period. See *In re Taylor*, 21 B.R. 179 (Bankr.W.D. Missouri 1982). The right to de-accelerate and reinstate the mortgage, if permitted at all, should only be permitted where the mortgagee of the foreclosed mortgage is the foreclosure sale purchaser and would suffer no special damages that would make reinstatement inequitable.

In the instant case, First National Bank of Homestead, the mortgagee, an institutional lender, purchased at the foreclosure sale. It would appear that a chapter 13 plan that cures the arrearages and reinstates the mortgage would be equally beneficial to both the bank and the debtor. The court is not convinced that this would be the situation in every case where a chapter 13 case is commenced after foreclosure sale. In this case, the court will apply § 1322(b)(5) and will permit the debtors to de-accelerate and reinstate their mortgage, if they do so promptly under a confirmed chapter 13 plan and make all required payments under the plan to the chapter 13 trustee, forthwith.

The order for relief from the automatic stay granted First National Bank of Homestead on April 7, 1987 is vacated and the stay shall remain in effect. Debtors shall act forthwith to file their plan and make all payments required thereunder to the chapter 13 trustee. This matter is set for a first meeting of creditors at *9:00 a.m. in Room 1402 and a confirmation hearing at 10:00 a.m. on June 16, 1987, in Courtroom No. 1410, Federal Building, 51 S.W. First Avenue, Miami, Florida.*