**In re Charles Thomas PITTS, Debtor.**

**Bankruptcy No. 88–3090–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 10, 1989.

Sarah H. Bohr, Jacksonville, Fla., for debtor.

Harry Katz, Jacksonville, Fla., for movants.

Jerry A. Funk, Jacksonville, Fla., Trustee.

### ORDER ON AMWOK CORPORATION'S MOTION FOR RELIEF FROM STAY

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Motion for Relief from Stay filed by Amwok Corporation. A hearing on the motion was held January 9, 1989, and upon the evidence presented, the Court finds as follows:

### FACTS

On October 19, 1988, a Final Judgment of Foreclosure was entered in favor of Amwok Corporation by the Circuit Court, in an for Duval County, Florida, Case No. 87–4227–CA, against debtor's property located at 1555 Elizabeth Street, Jacksonville, Florida. A foreclosure sale was held on November 14, 1988, and on December 5, 1988, Amwok Corporation received a Certificate of Title to the property.

On December 5, 1988, debtor filed a petition for relief under Title 11, United States

*In re Mercon Indus. Inc.,* 37 B.R. at 553. For a definition of insider of a corporate debtor see Title 11 U.S.C. § 101(30)(B).

Code. In so doing, the debtor sought to cure the arrearage on this mortgage pursuant to 11 U.S.C. § 1322(b).

On December 20, 1988, Amwok Corporation filed a Motion for Relief from Stay suggesting that the debtor has no right, title or interest in the subject property. An evidentiary hearing was held January 6, 1989, at which time the Court directed the parties' attention to the case of *Boromei v. Sun Bank of Tampa Bay,* 92 B.R. 516 (D.M.D.Fla.1988), and gave counsel the opportunity to submit briefs regarding the effect of this decision on the present motion.

## DISCUSSION

In *Boromei v. Sun Bank of Tampa,* the district court held that the date of the foreclosure sale is the last date on which the debtor may exercise his right to cure and reinstate his mortgage under § 1322(b). The uncontroverted evidence in this case indicates that the foreclosure sale was held on November 14, 1988, some two and one-half weeks prior to the filing of the petition. Accordingly, the Court finds that the debtor has no right to cure or reinstate Amwok Corporation's mortgage and that debtor has no right, title or interest in the property located at 1555 Elizabeth Street, Jacksonville, Florida.

Based upon the foregoing, it is ORDERED as follows:

1. The Motion for Relief from Stay filed by Amwok Corporation is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is lifted to permit Amwok Corporation to pursue its remedies under applicable non-bankruptcy law.

DONE AND ORDERED.