**In re Loraine BRANKER, Debtor.**

**Bankruptcy No. 90–20367–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

April 13, 1990.

John A. Watson, Fort Lauderdale, Fla., for movant.

Reggie D. Sanger, Fort Lauderdale, Fla., for debtor.

Robert L. Roth, Miami, Fla., trustee.

## MEMORANDUM OPINION

A. JAY CRISTOL, Bankruptcy Judge.

This cause came before the Court on April 9, 1990 on Morris L. Willets ("Willets") Motion for Relief from Automatic Stay and Request for Adequate Protection. After examining the evidence, hearing argument of counsel and being otherwise advised in the premises the Court finds in favor of the Movant and enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Prior to the filing of the petition under Chapter 13, Louis Branker and LORAINE BRANKER, the Debtor herein, executed a promissory Note in favor of Glendale Federal Bank f/k/a Glendale Federal Savings and Loan Association ("Glendale") secured by a mortgage on real property which is the Debtor's residence.

2. Subsequent to a default under the Note and Mortgage Glendale commenced foreclosure proceedings and on November 1, 1989 obtained a Summary Final Judgment of Foreclosure scheduling a public sale of the property for January 8, 1990.

3. On January 8, 1990 Willets, a bona fide third party, purchased the property after his high bid of $44,500.00 was accepted by the Clerk of Broward County Circuit Court. After the acceptance of the bid the Clerk issued Willets a Certificate of Sale.

4. On January 18, 1990 the Debtor filed her Chapter 13 petition herein.

5. On March 26, 1990 Willets filed his Motion for Relief from automatic Stay and Request for Adequate Protection to permit him to obtain a Certificate of Title from the state court Clerk pursuant to the provisions of the Summary Final Judgment of Foreclosure and obtain possession of the property.

6. The Debtor responded to Willets' relief motion and filed a "counterclaim" requesting this Court to void the sale as a fraudulent transfer pursuant to 11 U.S.C. 548.

7. Although no value testimony was presented at the hearing on Willets' Motion the Court received in evidence the 1989 ad valorem tax bill which indicates an assessed value for the property of $61,300.00.

## DISCUSSION

Although the Bankruptcy Code gives a Chapter 13 Debtor the right to cure his default and reinstate his mortgage on his residence, this right does not continue indefinitely. The issue of whether a Chapter 13 petition filed between the date of a foreclosure sale and the date of issuance of

a Certificate of Title by the Clerk is timely to allow for de-acceleration of a mortgage has been addressed in this district. In *In re Johnson*, 29 B.R. 104 (S.D.Fla.1983), the late Chief Judge Thomas C. Britton ruled that under Florida law, a mortgage does not merge into a foreclosure decree, but rather the mortgage exists until it merges into the title certificate issued after the foreclosure sale. Florida Statutes Section 702.02(3) (1969). Judge Britton stated that while the point was not at issue, he was "convinced that the right to de-accelerate the mortgage lien, cure the default and reinstate the installment debt, continues (at least in Florida) until the statutory right of redemption expires". *Johnson* supra at 105.

Similarly, in *In re Chambers*, 27 B.R. 687 (S.D.Fla.1983), Judge Sidney M. Weaver held that until there has been a divestment of title by the issuance of the Certificate of Title following a foreclosure sale, Section 1322(b)(5) allows the Debtor to de-accelerate and reinstate the mortgage by curing any default within a reasonable time.

As I stated in my opinion in *In re Pfleiderer*, 75 B.R. 363 (Bkrtcy.S.D.Fla.1987), at the time of foreclosure sale equitable title passes to the purchaser subject only to the statutory right of redemption in the Debtor. Bare legal title subsequently passes to the purchaser when the clerk performs his or her ministerial duty of issuing the Certificate of Title after expiration of the redemption period.

It is this Court's opinion that equity requires that when a bona fide third party purchases property at a foreclosure sale, the Debtor loses his or her right to cure and reinstate the residential mortgage pursuant to 11 U.S.C. 1322(b)(5) even though the statutory redemption period may still exist. To allow a reinstatement in such cases would have a chilling effect on the bidding at the foreclosure sale itself. In theory, a foreclosure sale is conducted in order to attract the highest price for the property. If a potential bidder cannot ascertain when his interest will become finalized he may be unwilling to bid to purchase the property or, at the very least, reduce the amount of his bid to compensate for the time factor. Furthermore, since the foreclosure process in Florida is not a very expedient one, the Debtor has had ample opportunity during the process to seek a private sale or refinancing of the property, to negotiate a cure of the default with the Lender, or to seek Chapter 13 relief prior to judgment and sale.

The Court makes no determination as to whether the redemption period has expired in this case since such a determination is not necessary for the ruling herein.

### CONCLUSION OF LAW

In light of the facts of this case this Court concludes that Willets is entitled to complete relief from the automatic stay to take all necessary action to obtain his Certificate of Title and possession of the subject property. The Court will enter a separate order in accordance with these findings.