**In re Monique L. TELSON, SSN # 154–60–9694, Debtor.**

**Bankruptcy No. 90–24495–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Dec. 5, 1990.

Robert L. Roth, Miami, Fla., Ch. 13 Trustee.

Charles D. Barnard, Ft. Lauderdale, Fla., for debtor.

David C. Cimo, Ft. Lauderdale, Fla., for Home Sav. of America, F.A.

Matthew J. Schaefer, Ft. Lauderdale, Fla., for Household Realty.

## MEMORANDUM DECISION FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

### I. *Background*

The Debtor filed a Chapter 13 Petition on July 2, 1990. The Plan proposed to cure arrearages on two mortgages over a 36–month period. However, on June 25, 1990, prior to the Chapter 13 filing, a foreclosure sale had taken place pursuant to state law.

Subsequently, a Section 341 meeting of creditors and confirmation hearing were held on September 28, 1990, at which time confirmation was denied and the Chapter 13 case was dismissed by Court Order dated October 22, 1990. The Debtor subsequently filed a Motion for New Trial,

Amendment of Judgment or, Alternatively, the Debtor's Motion for Relief from Judgment Order and/or Reconsideration of Claim. This motion came before the Court for hearing on November 5, 1990.

## II. *Issue*

A. Can a Chapter 13 debtor deaccelerate and reinstate a defaulted mortgage after the foreclosure sale pursuant to state law has already taken place?

## III. *Discussion*

The Debtor relies on this Court's prior ruling in the *In re: Chambers* case, 27 B.R. 687 (Bankr.S.D.Fla.1988), which held that the Debtor may deaccelerate and cure a default under Florida law where a Chapter 13 Petition is filed at 11:20 a.m. and a public foreclosure auction of the Debtor's home was held earlier the same day at 11:00 a.m. This Court is not persuaded by the Debtor's argument. This Court did rule contra in the *In re: Chambers* decision, *supra*, from which the Court now recedes.

■ It is clear that 11 U.S.C. Section 1322, and not state law, governs the issue of when a Chapter 13 debtor has an absolute right to cure a mortgage arrearage. In *Boromei v. Sun Bank of Tampa Bay*, 92 B.R. 516, (Bankr.M.D.Fla.1988) the issue of whether state law or federal bankruptcy law was controlling was decided. In *Boromei*, at p. 518, the Court stated

"by enacting Section 1322(b), Congress has expressed such a federal interest in the rehabilitation of individual debtors by allowing them to cure defaults in the payments of their mortgages. As the Second Circuit has noted, 'Congress did not labor for five years over this controversial question only to remit consumer debtors—intended to be the primary beneficiaries of the new code—to the harsher mercies of state law'". *In re: Taddeo*, 685 F.2d [24] at 25. (2d Cir.1982).

The Court in *Taddeo* states further that "when Congress empowered Chapter 13 debtors to 'cure defaults', we think Congress intended to allow mortgagors to deaccelerate their mortgage and reinstate its original payment schedule ... In short, curing a default ... means ... the event of default is remedied and the consequences are nullified. A state law to the contrary must fall before the Bankruptcy Code." *Taddeo, supra* at 26–27 and 29. *Accord Clark*, 738 F.2d 869 (7th Cir.1984).

■ This Court relies on the foregoing and the decision of the Sixth Circuit Court of Appeal in *In re: Glenn*, 760 F.2d 1428 (6th Cir.1985) *cert. den.*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (6th Cir.1985). In *Glenn*, the Court held that under 11 U.S.C. Section 1322(b) a Chapter 13 debtor may cure a default on a mortgage on its principal residence even when the debt has been accelerated and a judgment of foreclosure has been entered provided that no foreclosure sale has taken place. Once the property has been sold, the right to cure the default and reinstate the terms of the mortgage under Section 1322(b) ceases. *Accord, In re: Branker*, 113 B.R. 786 (Bankr.S.D.Fla.1990); *In re: Campbell*, 82 B.R. 614 (Bankr.S.D.Fla.1988).

Other circuits have likewise followed the rationale of the *Glenn* decision. In the Seventh Circuit, *In re: Clark*, 738 F.2d 869 (7th Cir.1984), the Court held that a debtor can deaccelerate and cure the default where the petition was filed after judgment of foreclosure but before sale. Deacceleration "is not a form of modification banned by Section 1322(b)(2) but rather is a permissible and necessary concomitant of the power to cure defaults." Also, the Third Circuit in *In re: Roach*, 824 F.2d 1370 (3rd Cir.1987) authorized post-acceleration cure of the long term home mortgage. In the context of New Jersey law, however, that right "expires when the mortgagee obtains a foreclosure judgment". More recently, the Seventh Circuit again held in *Goldberg v. Tynan*, 773 F.2d 177 (7th Cir.1985) that under Illinois law after the judgment of foreclosure and the Sheriff's sale, there is no default to cure.

## IV. *Conclusion*

Based on the foregoing, the Court by this decision now recedes from its earlier decision in the *In re: Chambers* case and

holds that a Chapter 13 debtor may cure a default on a mortgage on his or her principal residence even when the debt has been accelerated and judgment of foreclosure has been entered provided that no foreclosure sale has taken place: however, once the property has been sold in a valid state court foreclosure sale, the right to cure the default in Chapter 13 by deaccelerating and reinstating the mortgage, ceases. 11 U.S.C.A. Section 1322(b); *In re: Glenn,* 760 F.2d 1428, 1442 (6th Cir.1985), *cert. den.,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *Boromei v. Sun Bank of Tampa,* 92 B.R. 516 (Bankr.M.D.Fla. 1988).

Accordingly, the Debtor's Motion for New Trial, Amendment of Judgment or, Alternatively, the Debtor's Motion for Relief from Judgment Order and/or Reconsideration of Claim be, and the same is hereby, denied.

DONE AND ORDERED.