In the Matter of Kenneth
ROSS, Bankrupt,

v.

**METROPOLITAN DADE
COUNTY, Appellant.**

**Bankruptcy No. 91–2942–CIV.**

United States District Court,
S.D. Florida.

June 1, 1992.

Gail Ruiz, Carolina Lombardi, Legal Services of Greater Miami, Miami, Fla., for bankrupt.

Henry N. Gillman, Dade County Attorney's Office, Miami, Fla., for appellant.

ORDER ON APPEAL FROM FINAL
ORDER OF THE BANKRUPTCY
COURT

C. CLYDE ATKINS, Senior District Judge.

THIS CAUSE is before the court on appellant Metropolitan Dade County's ("the County") appeal from the Bankruptcy

Court's order denying the County's motion for rehearing of confirmation of Debtor Kenneth . Ross's ("Debtor or "Ross") amended Chapter 13 Plan. After careful review of the County's Initial Brief, Ross's Answer Brief, the County's Reply Brief and the relevant law, and after hearing oral argument on April 22, 1992, it is hereby

ORDERED AND ADJUDGED that the Bankruptcy Court's order is *AFFIRMED.*

## BACKGROUND

Appellee Kenneth Ross, the debtor in the underlying bankruptcy case, is a tenant in federally subsidized public housing owned and operated by Appellant Dade County. In March 1991, the County filed suit for removal of Ross because of his failure to pay rent. On May 2, 1991, the Court entered final judgment in favor of the County, stating that the writ of possession would issue on May 6, 1991. Ross remained in possession pending execution of the writ of possession.

On May 3, 1991, Ross filed a Chapter 13 petition in the Bankruptcy Court for the Southern District of Florida. He filed a Chapter 13 Plan on May 20, 1991, amended on July 19, 1991, which sought to assume the lease and to cure the default in payment of rent by paying to the County all rents, late charges and costs due. The Amended Plan provided for a cure period of five months and for payment of current rents to the County. The Bankruptcy Court confirmed the Plan on September 3, 1991. On October 14, 1991, the Bankruptcy Court entered an order denying the County's Motion for Rehearing of Confirmation. This appeal followed.

## DISCUSSION

■ Section 365 of the Bankruptcy Code provides in relevant part that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The County contends that the Bankruptcy Court erred in holding that Ross's lease did not expire until execution of the writ of possession; rather, Ross's lease "expired" when the County terminated his lease, which was finalized by the state court judgment of possession. Resolution of this appeal turns on whether Ross's lease "expired" for purposes of section 365(a).

Whether "termination" amounts to "expiration" is not so clear-cut, particularly when residential leases are involved.[1] As one court has noted:

A good deal of semantic confusion seems to exist in this area concerning the concept, meaning, and effect of the word "termination." It has been variously stated that if a lease or contract has already been "terminated" under applicable state law, this leaves the trustee with nothing to assume or reject, but that, "if, the termination process has not been completed or, if completed, can be reversed by application of a state anti-forfeiture statute or waiver doctrine the trustee may still assume." *See* 2 Collier (15th ed.) § 365.04.

*Executive Square Office Bldg. v. O'Connor and Associates,* 19 B.R. 143, 146 (Bankr.N.D.Fla.1981). *See also In re Windmill Farms, Inc.,* 841 F.2d 1467, 1472 (9th Cir.1988) (setting forth same two-part test).

1. In 1984, section 365 was amended to prohibit a trustee from assuming nonresidential leases:
    The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of the right or delegation of duties, if ... (3) such lease is of nonresidential real property and has been terminated under applicable bankruptcy law prior to the order for relief.
    11 U.S.C. § 365(c)(3).
    Significantly, this prohibition is silent as to residential leases. Congress' different treatment of residential and non-residential leases may be explained by the following statement:
    A distinction between residential and non-residential leases is made here and in other provisions of this subtitle. The application of these provisions is limited to non-residential leases in order to avoid depriving residential tenants of whatever consumer protection they may have under applicable non-bankruptcy law.
    S.Rep. No. 65, 98th Cong., 1st Sess., 37 (1983).

At least one court has considered the concepts of lease termination and expiration under circumstances similar to the present case. *See In re Talley,* 69 B.R. 219 (Bankr.M.D.Tenn.1986). As in the present case, *Talley* involved a public housing tenant who filed a bankruptcy petition after the landlord obtained a judgment for possession but prior to the execution of the writ of possession. *Id.* at 220–21. The court stated that:

> "Termination," "default" and "expired" are not coextensive; to allow full equation would thwart the Congressional intent that trustees (and Chapter 13 debtors) may cure defaults for the benefit of the estate pursuant to section 365.

*In re Talley,* 69 B.R. 219, 223 (Bankr. M.D.Tenn.1986). Although the *Talley* court did not expressly follow the two-part test articulated in *Executive Square* and *Windmill Farms,* it did look to state law to determine whether the lease expired for purposes of section 365. Finding no bright line definition of "expired" in Tennessee law, the court drew an analogy between the execution of a writ of possession and the foreclosure sale of mortgaged property:

> Like the foreclosure sale of mortgaged property, the dispossession of a tenant from leased property is at the heart of the realization of a judgment for unlawful detainer under Tennessee law. Only then—upon execution of the Writ of Possession—is the termination of the landlord tenant relationship "measurable [and] identifiable."

*Id.* The court concluded that, under Tennessee law, a lease is not "expired" until execution of the writ of possession. *Id.* at 225.

The County contends that, until Judge Mark's ruling in the instant case, no bankruptcy court for the Southern District of Florida had adopted the rationale set forth in *Talley.* Instead, the County argues, courts have held that termination of a lease pursuant to state law results in its expiration for purposes of section 365, even when the debtor remains in possession. In support of this contention, the County cites *In re E.M.R. Corp.,* 40 B.R. 479 (Bankr. S.D.Fla.1984); *In re Foxfire Inn of Stuart Florida, Inc.,* 30 B.R. 30 (Bankr.S.D.Fla. 1983); *In re Cowboys, Inc.,* 24 B.R. 15 (Bankr.S.D.Fla.1982). These cases are distinguishable, however, because they involved commercial leases. As discussed above, Congress chose to treat residential and commercial leases differently.

The County also cites *In re Thompson,* No. 87–00334–BKC–SMW (Bankr.S.D.Fla. March 25, 1987 and March 28, 1988), *reversed on other grounds,* No. 97–952–CIV–MARCUS (S.D.Fla. January 22, 1988). As in the present case, *Thompson* involved a public housing tenant who filed a bankruptcy petition after losing an eviction proceeding and later appeals. According to the County, the only reason she filed the petition was to stay in public housing. Judge Weaver concluded that the lease was terminated, and therefore not assumable since all of the proceedings related to the lease were decided against the debtor. *Id.*

Although factually similar to the present case, *Thompson* is not very helpful. As noted, *Thompson* was reversed, albeit on other grounds. In addition, contrary to the County's assertion, the question of when a residential lease is expired is far from resolved in this district. Recently, Judge Mark issued another order in which he found a residential lease to be assumable after a final judgment of eviction but prior to the execution of a writ of possession. *In re Bernice Johnson,* No. 91–10084–BKC–RAM (Bankr.S.D.Fla.1992) (finding termination of lease to be a stage in the process of eviction and possession part of a bundle of rights that give tenants opportunity to cure and assume residential lease). Given the unsettled state of the law in this area, we must look beyond decisions such as *Thompson* and *Johnson* to determine whether or not Ross's lease "expired" for purposes of section 365.

Applying the two-part test set forth in *Executive Square* and *Windmill Farms,* we turn to Florida law to determine (1) whether the process for terminating the lease was completed or (2) whether it could be reversed by application of a state anti-forfeiture doctrine. 19 B.R. at 146. It is unclear whether a judgment of possession

is merely a stage in the termination process or whether the process may be considered complete without execution of a writ of possession. Assuming for purposes of this appeal that the entry of the judgment of possession terminated Ross's lease, we must determine whether the process can be reversed by application of a state anti-forfeiture statute or waiver doctrine. *Id.*

Under Florida law, equity will afford relief against the forfeiture of a lease "whenever it is just and equitable to do so; the only condition precedent ... being the tender of the arrears of rent with accrued interest." *Rader v. Prather*, 100 Fla. 591, 130 So. 15, 17 (1930); *see also Seidle v. Pan American World Airways, Inc.*, 5 B.R. 152 (Bankr.S.D.Fla.1980). Equity will afford relief even when the lessor has obtained a judgment of possession. *See Rader*, 130 So. at 18. Therefore, even if a judgment of possession amounts to completion of the termination process, that process can be reversed under Florida's anti-forfeiture doctrine. Consequently, the lease would not be "expired" for purposes of section 365, and the trustee may still assume the lease. *See Executive Square Office Bldg.*, 19 B.R. at 146.

This interpretation of section 365 is further supported by *In re Glenn*, 760 F.2d 1428 (6th Cir.1985), which a number of courts in this district have followed. *See, e.g., In re Telson*, 121 B.R. 662, 663 (Bankr.S.D.Fla.1990); *In re Branker*, 113 B.R. 786 (Bankr.S.D.Fla.1990); *In re Campbell*, 82 B.R. 614, 615 (Bankr.S.D.Fla.1988). In *Glenn*, the court held that a Chapter 13 debtor may cure a default on a mortgage on its principal residence even when the debt has been accelerated and a judgment of foreclosure has been entered, provided that no foreclosure sale has taken place. *Id.* at 1435. Because a writ of execution is analogous to a foreclosure sale, a Chapter 13 debtor should be able to cure a default on a lease after a judgment of possession, but prior to a writ of execution has been entered.

In short, based on *Rader* and *Glenn* and its progeny, the Bankruptcy Court in the present case was correct in adopting the rationale set forth in *Talley* and in finding that Ross's lease was "unexpired" for purposes of section 365. *See Talley*, 69 B.R. at 223 (finding lease "unexpired" based on analogy between execution of writ of possession and foreclosure sale of mortgaged property).

The County next contends that Ross waived his right to equitable relief under Florida's anti-forfeiture doctrine because he did not comply with the requirement that a tenant pay all rent arrearages and accrued interest into the court registry. Florida's anti-forfeiture doctrine is codified at Section 83.60, Florida Statutes. Section 83.60 provides in relevant part as follows:

> (2) In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense *other than payment,* the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. The court shall notify the tenant of such requirement. Failure of the tenant to pay into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses *other than payment,* and the landlord is entitled to an immediate default without further notice or hearing thereon.

(emphasis added). If Ross's Chapter 13 Plan satisfies the payment provision of the statute, then payment into the court registry would not be required.

In one case involving Section 83.60's requirement of payment into the registry, the court upheld writs of possession against tenants who refused to pay rent because of the landlord's failure to maintain the premises. *K.D. Lewis Enterprises Corp. v. Smith*, 445 So.2d 1032 (Fla. 5th DCA 1984). The tenants argued that they were entitled to stay in their apartments without paying rent and without depositing rent into the court registry because the section 83.60's deposit requirement applied only to actions for possession, not counterclaims for injunctive relief and damages. In rejecting this argument, the court stated:

> [C]ounsel for the tenants conceded that had the tenants' suit proved to be without merit, a judgment for rent would

have been valueless because they were "judgment proof." We believe the Legislature anticipated such an eventuality in drafting the statute. As now framed, the landlord may recover his rent should the tenants' suit prove baseless. On the other hand, should the tenants' suit have merit, the rent is not lost to them. To follow the course suggest by the tenants would enable a devious tenant to live rent free during the litigation.

*Id.* at 1035. The court also stated that it did

not mean to imply that by failing to deposit rent, a tenant's cause of action is lost to him. He loses only his right to retain possession of the premises if he fails to pay the rent to the landlord or into the registry of the court.

*Id. K.D. Lewis* is significant for two reasons. First, by stating that a tenant loses the right of possession by failing to pay rent to the landlord *or* into the registry, the court implies that payment of rent to the landlord obviates the need to deposit the funds into the court registry. Second, the court's concerns about tenants living rent-free are not present in this case. Under Ross's Chapter 13 Plan, the County will receive current rents as due plus all past due amounts within five months.[2]

In sum, because Ross's bankruptcy plan provides for payment to the County, the fact that he has not paid the entire amount into the court registry would not preclude relief under Florida's anti-forfeiture doctrine. Consequently, based on the two-part test set forth in *Executive Square* and *Windmill Farms,* and on *Glenn* and its progeny, the Bankruptcy Court correctly found that Ross's lease was "unexpired" for purposes of section 365. Accordingly, the Bankruptcy Court's decision that the lease was assumable is AFFIRMED.

DONE AND ORDERED.

2. This court recognizes the County's concern about receiving prompt payment of arrearages. However, the Standing Chapter 13 Trustee for the United States Bankruptcy Court for the Southern District of Florida, who filed a Memorandum in Support of Brief of Appellee, represented that the time periods allowed for such cures are not indefinite or unreasonable.