In re Jennifer Regina ATKINS and
Nathaniel Richard Atkins, Jr.,
Debtors.

**Bankruptcy No. 98–8724–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 21, 1999.

Robert K. Dwyer, Orlando, FL, for Debtors.

Bill McCabe, Longwood, FL, for Winter Park Housing Authority.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on Movant's, Winter Park Housing Authority, Motion for Relief from Stay, and Debtors', Jennifer Regina Atkins and Nathaniel Richard Atkins, Jr., Motion to Assume Lease with Winter Park Housing Authority. Appearing were Robert K. Dwyer, attorney for Debtors; and Bill McCabe, attorney for Winter Park Housing Authority. After reviewing the pleadings, evidence, and exhibits, and hearing live testimony and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Nathaniel Richard Atkins, Jr. and Jennifer Regina Atkins ("Debtors") entered into a lease agreement with Winter Park Housing Authority ("WPHA") on February 28, 1998. WPHA owns an apartment building that offers government-subsidized housing for tenants satisfying income eligibility requirements. Monthly rental payments are established based upon the tenant's ability to pay. Debtors' lease with WPHA provided them housing that would be otherwise unavailable to them, thereby freeing other monies from which they could pay their other living expenses and debts.

Debtors owed WPHA $1,188.00 at the time they entered into the lease. Debtors executed a repayment agreement whereby

Debtors would repay the entire debt in monthly installments of $100.00. The first monthly payment was due on June 5, 1998.

Debtors' monthly rental payment was adjusted to $345.00 beginning on June 1, 1998. Debtors failed to make their regular monthly payment and the monthly debt repayment. WPHA filed an eviction action against Debtors in County Court, Orange County, Florida.

The parties entered into a Joint Stipulation on August 17, 1998, indicating that Debtors owed to WPHA $1,188.00 representing past due rent. The Joint Stipulation required Debtors to pay WPHA $690.00 upon signing the stipulation, $234.00 the following week, and $100.00 per month beginning on September 18, 1998. The Joint Stipulation also provided that Final Judgment would not be entered so long as the payments were made in accordance with the agreement.

Mrs. Atkins voluntarily reduced her employment to work fewer hours to enable her to return to school. The reduced hours of work resulted in decreased monthly income. Debtors' monthly rental payment was reduced to $0.00 beginning in September 1998 to adjust for her diminished income. Mrs. Atkins has since returned to full-time employment.

Debtors failed to pay the required repayment amount on September 18, 1998. A Final Judgment for Possession and a Final Judgment in the amount of $1,218.00 were entered by the County Court on September 30, 1998. A Writ of Possession was issued and posted on Debtors' premises on October 7, 1998. Debtors filed a Chapter 13 bankruptcy petition on October 8, 1998. The Writ of Possession was recalled on October 8, 1998 as a result of the bankruptcy filing. A Writ of Execution was not issued prior to Debtors filing their Chapter 13 bankruptcy petition. WPHA filed this Motion for Relief from Stay on October 13, 1998.

The lease termination process had begun at the time when Debtors filed their bankruptcy petition, but could be reversed under Florida's anti-forfeiture doctrine. The anti-forfeiture doctrine prevented the lease from expiring. Debtors may avoid forfeiture by paying the rental arrearages plus accrued interest. Debtors are entitled to assume the unexpired lease in default with Winter Park Housing Authority, provided certain conditions are satisfied. Debtors must be able to, at the time of assumption of the lease, cure the default and compensate WPHA for losses resulting from the default, or provide adequate assurance that such promptly will occur. Debtors must also be able to provide, at the time of assumption of the lease, adequate assurance of future performance under the lease. Debtors' Motion to Assume the Lease with Winter Park Housing Authority is due to be granted if the foregoing conditions are satisfied. WPHA's Motion for Relief from Stay will be denied if Debtors can fulfill the requirements to successfully assume the lease.

### CONCLUSIONS OF LAW

The Bankruptcy Code enables a debtor to assume a lease, pursuant to 11 U.S.C. § 365(a), which provides as follows:

Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

■ An unexpired lease can be assumed or rejected in the debtor's plan. 11 U.S.C. § 1322(b)(7). A lease can be assumed only if it is unexpired. *In re Williams*, 144 F.3d 544, 546 (7th Cir.1998). Nothing remains for the debtor to assume once a lease has expired or is terminated. *Bell v. Alden Owners, Inc.*, 199 B.R. 451, 462 (S.D.N.Y.1996).

■ The determination of whether a lease may be assumed turns on (1) whether the process for terminating the lease was completed, and (2) if it were complet-

ed, whether it could be reversed by application of a state anti-forfeiture doctrine. *Ross v. Metropolitan Dade County*, 142 B.R. 1013, 1015 (S.D.Fla.1992)(citing *Executive Square Office Building v. O'Connor and Associates, Inc.*, 19 B.R. 143, 146 (Bankr.N.D.Fla.1981)).

 Whether the lease has expired or is terminated is based upon applicable state law. *Williams*, 144 F.3d at 546. Confusion exists regarding the meaning and effect of the word "termination." If a lease has expired or been terminated, under Florida law, the tenant who does not relinquish the premises becomes a tenant at sufferance. *Executive Square*, 19 B.R. at 147. The right of immediate possession passes from the tenant to the landlord. *Id.* This does not mean that the tenant no longer has any right and that an immediate forfeiture and termination has occurred. *Id.* The lessor must then resort to the statutorily prescribed judicial eviction proceedings for a judgment of possession. *Id.* It is unclear whether a judgment of possession is merely a stage in the termination process or whether the process may be considered complete without execution of a writ of possession. *Ross*, 142 B.R. at 1015–16.

WPHA instituted eviction proceedings, and obtained a Writ of Possession. The Writ of Possession was issued and posted on October 7, 1998. Assuming for purposes of this opinion that the entry of the Judgment of Possession terminated Debtors' lease, the termination of the lease could be reversed by application of a state anti-forfeiture doctrine.

 Equity will afford relief against the forfeiture of a lease, under Florida law, whenever it is just and equitable to do so. *Rader v. Prather*, 100 Fla. 591, 596, 130 So. 15, 17 (1930). Florida is an anti-forfeiture state that gives a tenant in possession a continuing right to avoid a forfeiture of a lease by paying the arrears with accrued interest. *Id.* A Chapter 13 debtor may cure a default on a mortgage on its princi-

pal residence even when the debt has been accelerated and a judgment of foreclosure has been entered, as long as no foreclosure sale has taken place. *Ross*, 142 B.R. at 1016 (citing *In re Glenn*, 760 F.2d 1428, 1435 (6th Cir.1985)). A Chapter 13 debtor should be able to cure a default on a lease after a judgment of possession, but prior to the entry of a writ of execution, because a writ of execution is analogous to a foreclosure sale. *Id.*

 Equity will afford relief even when the lessor has obtained a judgment of possession. *Ross*, 142 B.R. at 1016. This relief is conditioned upon the tender of the arrears of rent with accrued interest. *Id.* (citing *Rader v. Prather*, 100 Fla. 591, 596, 130 So. 15, 17 (1930)). The process of termination of a lease can be reversed under Florida's anti-forfeiture doctrine, even if a judgment of possession amounts to a completion of the termination process. *Ross*, 142 B.R. at 1016. The lease would not be expired for purposes of section 365, and the trustee may still assume the lease. *Id.*

The Bankruptcy Code delineates the requirements for assumption of an unexpired lease in default. Section § 365(b) provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b).

An unexpired lease that is in default cannot be assumed unless the debtor cures all defaults or provides adequate assurance that the defaults will be cured and future rentals will be paid. 11 U.S.C. § 365(b)(1). Section 365(b)(1) of the Bankruptcy Code allows curing of defaults regardless of provisions in the lease stating otherwise. *Executive Square,* 19 B.R. at 146. A trustee may assume a lease irrespective of whether or not any contractual grace period for the curing of defaults has expired and irrespective of whether he has the immediate present ability to fully cure any rent arrearage, so long as the lease has not been terminated. *Id.*

The eviction proceedings instituted by WPHA concluded with the entry of a Judgment of Possession against Debtors. A Writ of Execution was not issued prior to Debtors filing for Chapter 13 bankruptcy protection. The termination of the lease was reversed according to Florida's anti-forfeiture doctrine. The lease was not terminated for purposes of section 365 of the Bankruptcy Code.

Debtors may avoid forfeiture by paying the rental arrearages plus accrued interest. Debtors are entitled to assume the lease with Winter Park Housing Authority if, at the time of assumption of the lease, Debtors cure the default and compensate WPHA for losses resulting from the default, or provide adequate assurance that such promptly will occur. Debtors also must be able to provide adequate assurance of future performance under the lease at the time of assumption of the lease. Debtors' Motion to Assume the Lease with Winter Park Housing Authority is due to be granted if Debtors are able to satisfy the foregoing conditions.

Section 362 of the Bankruptcy Code provides for an automatic stay upon the filing of a bankruptcy petition under any chapter of the Bankruptcy Code. Section 362(a)(2) of the bankruptcy Code provides in pertinent part:

Except as provided in subsection (b) of this action, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of ... the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

11 U.S.C. § 362(a)(2).

The reach of the stay is broad, but not unlimited. Relief from the stay may be sought, pursuant to 11 U.S.C. § 362(d), which provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d).

The automatic stay was in effect as of October 8, 1998, the date Debtors filed their bankruptcy petition. The stay prevents WPHA from enforcing the judgment against Debtors.

Relief from the automatic stay is not warranted under these circumstances, provided Debtors successfully assume their lease with WPHA. Equity exists in Debtors' lease that inures to the benefit of the estate. Debtors receive a government subsidy in the form of rental assistance, based upon their income eligibility. This subsidy continues as long as Debtors re-

main in their current apartment. This is a direct benefit to the estate. The government subsidy enables Debtors to satisfy their obligations to other creditors, including WPHA. Debtors would not be able to effectively reorganize without the lease and its accompanying government subsidy. WPHA's Motion for Relief from Stay is continued until December 8, 1998. The Motion for Relief from Stay will be denied if Debtors can fulfill the requirements to successfully assume the lease.